McKENZIE v. INDUSTRIAL COMMISSION OF OHIO.

*Workmen's compensation—Error proceedings in court of appeals—Error in directing verdict determined from evidence in transcript—Employee injured on way to work not entitled to compensation—Injury not sustained in course of employment.*

1. Whether trial court committed prejudicial error in sustaining defendant's motion for directed verdict, in action for workmen's compensation, must be determined by Court of Appeals on testimony contained in transcript offered in trial.
2. Where employee of city was struck by automobile while on way to work within three blocks of place of employment and within half hour of commencing work, resulting injury was not sustained in course of, and did not arise out of, employment.
3. Finding that injury was sustained in course of or arose out of employment must be proved or admitted before claimant would have right to compensation.

(Decided January 29, 1926.)

ERROR: Court of Appeals for Franklin county.

*Mr. David Peiros*, for plaintiff in error.
*Mr. John R. King* and *Mr. R. E. Hughes*, for defendant in error.

HOUCK, J. This is a proceeding in error which comes into this court from the court of common pleas of Franklin county. The plaintiff, who was in the employ of the city of Columbus, was injured in an automobile accident and made application to the Industrial Commission for compensation under the Workmen's Compensation Law (Section 1465-37, *et seq.*, General Code). His application for allow-

ance of compensation was refused for the reason that the claimant's injury was not sustained in the course of, or did not arise out of, his employment. To this finding of the Industrial Commission an appeal was taken to the common pleas court of Franklin county.

The case coming on for trial in the lower court, a transcript of the testimony taken before the Industrial Commission was offered by the plaintiff. Thereupon the defendant made a motion for a directed verdict, which motion the court sustained.

Question: Did the trial judge commit prejudicial error in sustaining the motion for a directed verdict? This court must determine this question upon the testimony contained in the transcript offered in the trial. The facts as deduced from the testimony are as follows: Plaintiff was in the employ of the city of Columbus. He was to commence work on the particular morning of the injury at 7 o'clock. He went from his home on a street car to within three blocks of where he was to work, arriving there at about 6:30 a. m., and in alighting from the street car, and while attempting to cross the street, he was struck by an automobile and injured. Under the record evidence, and under all of the circumstances and surroundings in the case, we can reach but one conclusion, and that is that the claimant's injury was not sustained in the course of, and did not arise out of, his employment. Thus finding there was nothing to submit to the jury, because that such injury was sustained in the course of, or arose out of, his employment, must be proved or admitted before the claimant would have a right to compensation.

Finding no error in the record prejudicial to the

rights of plaintiff in error, the judgment must be affirmed.

*Judgment affirmed.*

SHIELDS and YOUNG, JJ., concur.

HOUCK and SHIELDS, JJ., of the Fifth Appellate District, and YOUNG, J., of the Sixth Appellate District, sitting in place of ALLREAD, FERNEDING and KUNKLE, JJ., of the Second Appellate District.