**McKIBBEN, Appellee, v STUHLBARG, Appellant.**

Ohio Appeals, First District, Clermont County.

No. 162.   Decided January 28, 1946.

Nichols, Speidel & Nichols, Batavia, and Hoover, Beall & Whitman, Cincinnati, for Appellee.

Eli G. Frankenstein, Cincinnati, for Appellant.

**OPINION**

By ROSS, J.

This is an appeal upon questions of law from the Court of Common Pleas of Clermont County, wherein judgment was entered awarding the plaintiff compensation from the defendant, a non-complying employer.

The plaintiff-appellee has filed a motion to dismiss the appeal on the ground that no bill of exceptions was filed in the trial court and that the only assignment of error advanced by the defendant-appellant is that there is no evidence in the transcript of the record on rehearing before the Industrial Commission, sustaining plaintiff's right to compensation from the defendant..

After verdict, the defendant filed a motion for judgment in his favor notwithstanding the verdict in favor of the plaintiff. This motion was overruled and judgment was entered directing the Clerk of the Common Pleas Court to certify to the Industrial Commission the verdict of the jury, finding in favor of the right of the plaintiff to recover compensation under the Workmen's Compensation law from the defendant.

The defendant filed no bill of exceptions, but now claims that such filing was unnecessary to raise the assignment of error now advanced, which is, that there is no substantial evidence in the transcript of the record of the proceedings on re-hearing before the Industrial Commission showing:—(1) that the defendant regularly employed three or more employees; (2) that his disability was the result of an injury sustained in the course of and arising out of his employment.

It must be admitted that at first it seemed that in the absence of a bill of exceptions not even such a contention could be sustained, but upon further consideration, the logic of the defendant's position seems to be unanswerable. It does not need citation of authority to sustain the statement that the Court of Appeals will in an appeal from a judgment in an ordinary civil action consider no assignment of error requiring an examination of the evidence presented to the trial court in the absence of a bill of exceptions.

If the statute as it existed at the time this claim was filed, to-wit: July 10, 1942, had contained the provision now found therein, which became effective June 15, 1943, providing:

"* * * Either party in any of such proceedings shall have the right to prosecute error as in ordinary civil cases, provided that in any such proceedings the transcript of the record of rehearing before the industrial commission need not be rewritten in the bill of exceptions but the transcript of said record may be attached to and made a part of said bill of exceptions and the rulings of the court with respect to exclusion or admission of evidence shall be shown on the margin of the pages of said transcript on which objections and motions appear. * * *"

the position of the defendant appellant would at least have been much more difficult. The status of the law at the time the claim for compensation is originally filed governs all proceedings thereafter. **State, ex rel. Longano v Industrial Commission, 135 Oh St 165.**

Sec. **1465-90 GC** as in force July 10, 1942 did however provide:

"* * * Within ten days after the filing of the answer the industrial commission shall certify to such court a transcript of the record of such rehearing, and the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in such fund upon the evidence contained in such record and no other evidence; ***"

Now it is perfectly manifest that if such transcript of the record failed to contain a recital of substantial evidence sustaining the claim that the defendant was within the provisions of the Workmen's Compensation Law as a noncomplying employer, or that the plaintiff's disability was due to an injury received in the course of and arising out of his employment, then no such evidence could have possibly been produced in the Common Pleas Court for that court can only, under the provisions of §1465-90 GC quoted, consider such evidence. **Drakulich v Industrial Commission, 137 Oh St 82, 86, 87.** Any bill of exceptions which might have been filed might have contained less evidence, but could not possibly contain more.

The defendant by answer put in issue the right of the plaintiff to compensation. The defendant's denial of such right raised among other matters the question of whether the defendant regularly employed three or more persons. It raised the question also whether the plaintiff's disability was caused by an injury incurred during and arising out of his employment with the defendant. The defendant by filing employment with the defendant. The defendant by filing a motion non obstante veredicto raised the question as to whether there had been presented to the trial court any substantial evidence sustaining every element of the plaintiff's claim to compensation. Now if the transcript of the record on rehearing failed to contain substantial evidence upon any of such necessary elements, then no such evidence could have been presented to the trial court, and the motion should have been granted. Why then would a bill of exceptions in this particular proceeding be required to determine whether such substantial evidence could have been presented under the law applicable to this review?

In **McKenzie v Industrial Commission, 24 Oh Ap 455,** it appears that a claimant's application for compensation was denied by the Industrial Commission on rehearing and a transcript of the record was properly certified to the Court of Common Pleas. In the opinion of Houck, J., it is stated at page 456:

"The case coming on for trial in the lower court, a transscript of the testimony taken before the Industrial Commission was offered by the plaintiff. Thereuepon the defendant made a motion for a directed verdict, which motion the court sustained.

"Question: Did the trial judge commit prejudicial error in sustaining the motion for a directed verdict? This court must determine this question upon the testimony contained in the transcript offered in the trial."

In **Willett, Admr., v N. Y. Central Rd. Co., 73 Oh Ap 59,** this Court suggested the instances in which a bill of exceptions might not be necessary in order that the Court of Appeals might consider questions concerning matters which had otherwise been properly filed in the action or proceeding.

This Court in the instant review took the motion to dismiss under advisement and heard the appeal on the merits. The motion to dismiss will be overruled.

Examining the transcript of the record certified by the Industrial Commission to the Court of Common Pleas and

properly filed in that Court, it appears that the plaintiff was employed by the defendant as a caretaker and general handyman about his farm, title to which was in his wife's name, that while so employed the plaintiff was injured when he slipped upon wall paper covered with wet glue, lying upon the dining room floor of the farm house. His duties as caretaker required him to be about the entire place and while it does not appear just what the plaintiff was doing or about to do at the time he was injured, however, it may be reasonably inferred that he was engaged upon his employer's business. The plaintiff stated further his disability was directly due to his injury so received, that while he continued self treatment for some time, he later became incapacitated due to the continuing effects of his fall. He further states there were at least three other persons employed with him during the time he remained in his employer's service. It appeared from other evidence in the case that such employees were independent contractors or the employees of such contractors. However, this evidence was introduced by the defendant at the rehearing and upon the approach to the matter, this Court may not consider the weight of the evidence.

If the evidence presented to the trial court were before this Court in a bill of exceptions, the conclusion upon the same might be radically different from that now reached to the effect that while the evidence is in sharp conflict on many essential points and its preponderance in favor of plaintiff doubtful, there is substantial evidence sustaining the conclusion of the jury that the plaintiff was entitled to compensation.

It is to be borne in mind that in this consideration of the appeal of the defendant, confined as it is solely to the transcript of the record upon rehearing, that this Court is greatly limited in its examination and that every reasonable presumption and inference must be extended the plaintiff. He has a verdict in his favor. It is only upon a showing that such verdict could not be sustained because no substantial evidence could have been presented the jury that the defendant may prevail. An examination of the transcript sustains no such conclusion and the judgment is, therefore, affirmed.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur in syllabus, opinion and judgment.