## OKLAHOMA NATURAL GAS CORP. et al. v. UNION BANK & TRUST CO., Adm'r, et al.

No. 21091. Opinion Filed May 5, 1931.

F. B. Burford and Clayton B. Pierce, for the petitioners.

S. A. Byers and Roscoe Bell, for the respondents.

CULLISON, J. The petitioners in review will be referred to as petitioners. Respondents in review, as claimants.

May 17, 1929, claimant filed with the State Industrial Commission his claim against the petitioners, alleging that while in the employ of the petitioners, on the 7th day of January, 1929, he sustained an accidental injury described as follows: "Simple and compound fractures of both lower limbs; severe contusion of trunk and head; and severe concussion of the brain," for which he prays compensation.

The usual and proper notices were given as required by law. The cause was heard January 11, 1930, at the conclusion of which the Commission made the following order:

"Findings of Facts by the Commission.

"That the claimant, J. P. Stahlle, sustained an accidental injury arising out of and in the course of his employment with the respondent, Oklahoma Natural Gas Corporation, the same being a hazardous employment within the meaning of the statute on the 7th day of January, 1929; that as a result of said accident said claimant suffered a compound fracture of the lower third, left tibia, a simple fracture of the middle third of the right femur, lacerations, multiple contusions, scalp wounds and concussion of the brain, by being struck by an automobile, as a result of which said claimant is permanently and totally disabled. That the average wage of claimant at the time of the injury was $3.60 per day. * * *

"Award Ordered.

"It is therefore ordered, that within ten days from this date the respondent, the Oklahoma Natural Gas Corporation, or its insurance carrier, the Aetna Life Insurance Co., pay to claimant, J. P. Stahlle, the sum of ($720.20) seven hundred and twenty dollars and twenty cents, the same being fifty-two weeks' compensation at the rate of $13.85, computed from January 7, 1929, to January 11, 1930, less the five days' waiting period, as compensation in this case, and continue the payment of compensation thereafter at the rate of $13.85 per week until the period of five hundred weeks have been paid, or until otherwise ordered by the Commission * * *"

—to which ruling of the Commission petitioners except and bring the case to this court for review.

It is not disputed that the claimant did sustain an accidental injury on January 7, 1929, and there is no disagreement as to the nature and extent of the injury received.

Petitioners and claimant both concede that there is but one question before this court for our determination, viz.:

"Did the injury arise out of, and occur in the course of employment?"

It will therefore be unnecessary to discuss the several assignments of error separately. Having reviewed the entire record, we find the following pertinent facts.

It is the custom of petitioner gas company to furnish transportation for its workmen from its supply house located at 317 N. Western street to the place of work and to return them to the supply house at the close of the work day. The supply house at 317 N. Western was the usual and designated place where the workmen were directed to assemble or report for duty preparatory to being transported on road trucks from said street to the scene of their work.

On the day of the accident the gas company was engaged in extending its pipe line under 23rd street at the intersection of 23rd and Eastern avenue, at which place the claimant and other workmen had been working before, and were to work on the day of the accident.

On December 7, 1929, the date of the accident, claimant did not go to No. 317 North Western street to be transported to his work, but instead boarded a street car on Broadway which carried him to Eastern avenue located in the eastern part of the city near the Fair Grounds.

When the claimant left the car line on Eastern avenue (at 8th street) he was about 15 blocks south of his work, namely, at the intersection of 23rd and Eastern avenue.

Claimant was walking north on Eastern avenue when struck by the automobile, and had covered about one-half the distance between the end of the car line and the place of his work when the accident occurred.

Petitioners contend: That claimant did not sustain an injury "arising out of" or "in the course of" claimant's employment; that the injury complained of occurred on a public highway, at a point 5 or 6 blocks from the place where claimant was engaged to do

work for petitioners; that claimant never reached the place of employment to do the work he was engaged to do.

Section 7285, C. O. S. 1921, as amended, reads in part:

"Every employer subject to the provisions of this act shall pay, or provide as required by this act, compensation according to the schedules of this article for the disability of his employee resulting from an accidental personal injury sustained by the employee arising out of, and in the course of, his employment. * * *"

The above section provides: That an employee may be awarded compensation for an injury sustained "arising out of" and "in the course of" his employment.

To state it in common parlance: If the claimant sustained a compensable injury during the time he was actually engaged in performing the work of his employer, then and under these circumstances he would be entitled to compensation for the injury sustained. Upon the other hand, however, if the claimant was not actually engaged doing the work of his employer, but was engaged in work or performing other acts of his own choosing at the time he was injured, then and under these circumstances he could not recover compensation from his employer.

These two phrases, "arising out of" and "in the course of" his employment, should be considered together. Both of them are essential elements or conditions that must exist before the employer can be held liable for compensation for an injury sustained by an employee.

In discussing these two very essential elements of the Workmen's Compensation Act, the court in the case of Lucky Kidd Mining Co. v. Industrial Commission, 110 Okla. 27, 236 Pac. 600, in the first paragraph of the syllabus, said:

"Under section 7285, C. O. S. 1921, a compensable accidental injury must disclose from its circumstances the existence of two essential elements: It must have resulted 'in the course of' employment and it must also have arisen 'out of' the employment. The absence of either of these essential elements destroys the application thereto of the beneficent provisions of the Compensation Law."

The facts and circumstances in the case of Little v. Johnson City Foundry & Machine Company (Tenn.) 11 S. W. (2d) 690, are very similar to those in the case at bar. In fact, the claimant was injured on a public highway about 400 or 500 feet from the premises of the employer.

The court, in reversing an award for compensation in that case, said:

"We see nothing in the facts of this case to take it out of the general rule. It appears that the employee was ordered to return somewhat earlier on the morning he was hurt, perhaps because of extra work, than he usually reported for duty. His relation with the employer was to be resumed on the particular day at an earlier hour than usual. Such relation, however, had not been resumed and the employee was still on the public highway when he was injured. His injury did not arise out of his employment, nor in the course of his employment, but during the suspension of his employment."

The case of Green v. State Industrial Commission of Utah, 279 Pac. 900, is a case wherein a carpenter foreman was injured a few minutes before 8:00 o'clock a. m., when struck by an automobile while crossing from the regular pedestrian walk to an automobile in which he had been offered a ride by a fellow workman. His hours of labor commenced at 8:00 o'clock, and at the time of the injury he was carrying a saw which he had taken home the previous night to sharpen, it being one of his duties to keep the saws sharpened. In affirming an order of the Industrial Commission which denied compensation, the court said:

"Under the facts in the instant case it is clear that the deceased was not upon any special mission for his employer at the time of the accident. There was nothing that he was doing for his master at the time which exposed him to the perils of the street. He was merely going from his home to his place of employment. The fact that he was carrying a saw was merely incidental. The employee did not come within any of the exceptions to the general rule."

In the case of Caravella v. City of Milwaukee (Wis.) 215 N. W. 911, the deceased had been employed as a street cleaner by the city of Milwaukee. He was injured by being struck by an automobile about 6:45 a. m. The accident occurred on a public street about two blocks from his home and about a block and a half from the yard of the city at which he was to report at 8:00 o'clock prior to proceeding to work. He had a certain territory regularly assigned to him for his services as street cleaner, which included the place of the accident. It appeared that he was generally the first man to report for work, and usually before 8:00 o'clock. At times he had been seen on his way to work to pick up refuse from the street and collect it in a pile. In reversing an award of the Industrial Commission the Supreme Court of Wisconsin said:

"While the city street at the place of the accident here involved during any time while the deceased was engaged in his services as street cleaner for the city of Milwaukee was the 'premises of his employer' under section 10203 (2), still the service growing out of and incidental to his employment, as such is also described in the same provision of the statute, had not yet come into being, and could not properly be said to have commenced for this particular day until he had reported for duty, for such reporting was the custom and regulation whereby a proper record of attendance and service might be kept by the foreman at the yard in charge of such employee. The use he was making of the public highway at the time of the injury was the same that any other pedestrian might make. He was not using it within the scope of his service. That in going from his home to the yard before starting his employment he happened to travel the same street that he might later be required to be upon in the course of his employment did not make such point, at the moment of the injury, the premises of or the place of employment of the city within the intent and meaning of the Compensation Act."

In the case of McKenzie v. Industrial Commission of Ohio, 155 N. E. 704, the Court of Appeals of Ohio said:

"The facts as deduced from the testimony are as follows: Plaintiff was in the employ of the defendant. He was to commence work on the particular morning of the injury at 7:00 o'clock. He went from his home on a street car to within three blocks of where he was to work, arriving there at about 6:30 a. m., and in alighting from the street car, and while attempting to cross the street he was struck by an automobile and injured. Under the record evidence, and under all the circumstances and surroundings in the case, we can reach but one conclusion, and that is that the claimant's injury was not sustained in the course of, and did not arise out of, his employment."

The courts have so uniformly held that an injury sustained by an employee must "arise out of" and "in the course of" his employment, and it appearing that the facts and circumstances thus adjudicated being so nearly similar to those in the instant case, we deem it unnecessary to cite further authorities.

The evidence in this case shows: That the petitioner gas company, at its own expense, furnishes transportation for its employees from the petitioner's supply house to the place where the employees are to work. The rules and regulations adopted by the company provide that the employees shall assemble at 6:30 o'clock a. m. at the supply house preparatory to being transported by the company in road trucks to the place of work.

The claimant did not go to the supply house on the morning of the injury, there to avail himself of free transportation to his place of employment, but boarded a street car which only carried him within about 15 blocks of the place of his employment. After the claimant alighted from the street car he started to walk to his employment, a distance of 15 blocks. Claimant had traveled about half of the distance from the end of the car line to his place of employment when he was struck by an automobile. Claimant never reached his place of employment. He was not engaged in work for petitioners at the time of the injury. He was not ordered or requested to abandon the usual mode of transportation furnished by petitioners, but of his own volition chose the street car route for travel. The evidence shows plainly that claimant was injured while walking on a public highway 5 or 6 blocks from the petitioner's premises. Claimant did not report for work at the supply house on the fatal day. The petitioner had no knowledge of claimant's whereabouts at the time of the injury and did not learn of the accident until some one told the company's superintendent that claimant had been injured. The evidence clearly shows that claimant was not injured while being transported by his employers to his work.

In the case of Meade Brothers, Inc., et al. v. State Industrial Commission et al., 144 Okla. 279, 291 Pac. 571, this court said:

"The fact that the place of work was a great distance from available living quarters was a hardship upon the respondent, but that was a matter in which the employer was in no wise interested. The employer employed this man to fire boilers. How he reached the place of work was a matter for his own determination. * * * This court is not willing to say that the employment of a laborer imposes upon the employer any responsibility for the safety of that laborer in going to and from the place of work, in the absence of a specific or implied agreement for transportation."

We think it a well-settled rule of law "that a man's employment does not begin until he has reached the place of his employment and does not continue after he has left the premises of his employer." Bradbury on Workmen's Compensation (3rd Ed.) 468: 1 Schneider on Workmen's Compensation Law, 266.

The claimant's evidence is insufficient to bring him within the Workmen's Compensation Law of this state.

We are of the opinion, and hold, the Industrial Commission was without jurisdic-

tion to make an award for compensation in the instant case.

The award of the Industrial Commission is reversed and case remanded, with instructions to dismiss the action.

It is so ordered.

RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.