### WILSON & CO., Inc., v. SHAW.

No. 20017. Opinion Filed March 8, 1932.

Rehearing Denied April 26, 1932.

C. D. Bennett, A. Gray Gilmer, James D. Cooney, and A. K. Gembick, for plaintiff in error.

McLaury & Hopps and J. Z. Werby, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Oklahoma county in favor of the defendant in error, hereinafter referred to as the plaintiff, against the plaintiff in error, hereinafter referred to as the defendant. The action was based on a claim of damages sustained by the plaintiff by reason of an injury arising from the alleged negligence and carelessness of one Ray McCallon, who was alleged by the plaintiff to have been the agent, servant, and employee of the defendant at the time of the injury. The trial court instructed the jury, over the objection of the defendant, that at the time of the injury McCallon was the servant and employee of the defendant and engaged within the scope of his employment in the discharge of a duty which he owed the defendant by reason of his employment by the defendant, and that as a matter of law the negligence of McCallon was the negligence of the defendant.

The plaintiff has filed a motion to dismiss the appeal and that motion heretofore has been denied. That order was final under the rule stated in Thacker v. Ross, 105 Okla. 99, 231 P. 1060, Quincy Showcase Works v. Briscoe, 126 Okla. 144, 259 P. 128, and Cosden Oil & Gas Co. v. Moss, 131 Okla. 49, 267 P. 855. The motion was overruled by order of the court and no opinion was written. In view of that fact, we will herein express our reason for overruling the same. Judgments and orders of the court are shown by the journal of the court and not by the clerk's minutes. Section 685, C. O. S. 1921; Pettigrew v. Harmon, 62 Okla. 245, 162 P. 458; Lillard v. Meisberger, 113 Okla. 228, 240 P. 1067. The basis of the motion to dismiss was an allegation that the judgment was rendered on the 30th day of April, 1928, and that the motion for new trial was overruled on the 26th day of June, 1928. The journal of the court is to the contrary. It shows that the trial was commenced on the 27th day of April, 1928; that it was continued to the 30th day of April, 1928; that the cause was submitted to the jury on the 30th day of April, 1928; that the jury returned its verdict on the 30th day of April, 1928; that on the 26th day of June, 1928, the defendant's motion for new trial came on for hearing; that on that date that motion was presented, argued, and overruled, and that on the 17th day of July, 1928, the trial court rendered judgment in favor of the plaintiff and against the defendant, from which judgment an appeal was taken to this court. Although the clerk's minutes appear to show that the judgment was rendered on a date different from that shown by the journal entry, under the decisions cited we are bound by the facts shown by the journal of the court. The motion to dismiss the appeal was properly denied.

The plaintiff contended at the trial and contends now that McCallon was the agent, servant, and employee of the defendant, and that at the time of the injury he was en-

gaged in the performance of duties within the scope of his employment. That contention was and is denied by the defendant, who contends that McCallon was an independent contractor. It is not necessary for this court to determine whether or not Mc-Callon was an independent contractor, for, conceding, but not deciding, that he was in the employ of the defendant at the time of the injury, the defendant was not liable for his negligence unless he was acting within the scope of his employment at the time of the injury. The rule is stated in 18 R. C. L., page 794, as follows:

"If the injury complained of resulted from the wrong of the servant or agent of the defendant while acting within the scope of his duties as servant or agent, the plaintiff is entitled to recover. But, conversely, if the wrongful act was not one falling within the real or apparent scope of the employer's business, no recovery will be allowed"

—and in 39 C. J., page 1282, as follows:

"The primary test to determine the master's liability for the act of his servant under the doctrine of respondeat superior is whether the act was within the scope of his employment. The test is not the character of the act, nor whether it was done during the existence of the servant's employment; but whether the injury complained of was committed by the authority of the master expressly conferred or fairly implied in the nature of the employment and the duties incident to it. The master will be liable for the acts of the servant within the scope of the employment whether the acts are expressly or impliedly authorized."

We are, therefore, concerned with the question of whether or not McCallon was acting within the scope of his employment by the defendant at the time the plaintiff was injured.

The work in which McCallon was engaged was the purchase and collection of poultry for the defendant at various places in the state and the transportation of that poultry from the place of purchase and collection to the plant of the defendant in Oklahoma City. He was paid daily wages for his personal services and he was paid for the use of his truck on a mileage basis. He worked on the days that he was directed to work. At the time of the injury of the plaintiff he had unloaded the poultry that he had collected and was going from the plant of the defendant in Oklahoma City to his home, his duties to the defendant for that day having been completed. Before he left the plant of the defendant, at his own suggestion, he placed on his truck a number of poultry coops in order that he might have them at his home for his convenience when he was

ready to go to work again, and in order that he might not have to go back to the plant of the defendant to procure coops. The injury to the plaintiff resulted from her being struck by one of the coops placed by him on his truck while the coop was on the truck or after it had fallen from the truck.

In Oklahoma Natural Gas Corp. v. Union Bank & Trust Co., 149 Okla. 12, 299 P. 159, this court held:

"As a general rule, a man's employment does not begin until he has reached the place of his employment and does not continue after he has left the premises of his employer."

In Greer v. Industrial Commission of Utah, 279 P. 900, that court had under consideration the question of whether or not an employee returning from home to his work was in the course of his employment, and held:

"Where foreman and carpenter in stockyards on way to work, while crossing viaduct after being offered ride by fellow workman, was struck by automobile and severely injured, resulting in death, although deceased was carrying saw belonging to company, which it was his duty to keep sharp, and which duty he customarily performed at home, returning saws the following morning, employee's injuries did not arise out of or in course of employment, and widow was not entitled to compensation."

In Mead Bros., Inc., v. State Industrial Commission, 144 Okla. 279, 291 P. 571, this court had under consideration the relation of employer and employee while going to and from place of employment, and said:

"This court is not willing to say that the employment of a laborer imposes upon the employer any responsibility for the safety of that laborer in going to and from the place of work, in the absence of a specific or implied agreement for transportation, or that such an agreement will be implied from the fact that the place of work was a great distance from available living quarters, that it was the custom of one of the employees to transport the other employees to the place of work, or that the employer would not hire a driller unless he had an automobile."

Although McCallon was not an independent contractor, but an employee of the defendant (a question not herein decided), his employment, under the facts shown by the record, did not continue after he left the premises of the employer at the close of his day's work, unless it was continued by the terms of the employment or unless its continuance should be implied from the duties imposed upon him by his employment. There is nothing in the record to show such a continuance of employment under the terms of

his employment. An examination of the record discloses that the defendant had no control over McCallon after he had unloaded the poultry purchased and collected by him and had left the plant of the defendant. The truck belonged to him. The defendant had no control over it and it had no authority to say where or when or how the truck should be driven, except during the time when it was being driven for the purpose of purchasing and collecting poultry and transporting the same from the place of purchase and collection to the plant of the defendant. While the defendant furnished the coops in which the poultry was to be placed, it furnished them at the plant of the defendant. The defendant did not direct him to take the coops to his home. He took them to his home at his own suggestion and for his own convenience. We find nothing in the record from which it can be implied that the employment continued after the completion of the day's work by the delivery of the poultry at the plant of the defendant. The rule is stated in 39 C. J., page 1295, to be as follows:

"The act of a servant done to effect some independent purpose of his own and not with reference to the service in which he is employed, or while he is acting as his own master for the time being, is not within the scope of his employment so as to render the master liable therefor."

We do not think it necessary to cite the long list of cases cited in that text in support of the rule stated. An examination of the record convinces us that McCallon had completed his work for the defendant for the day and that he was acting for his personal convenience and not within the scope of his employment by the defendant at the time the plaintiff was injured. Under that state of facts, the applicable rule is that stated in 39 C. J., page 1296, as follows:

"If the act resulting in the injury is committed by the servant at a time when he is off duty, as, for instance, after the day's work is completed, or at the noon hour, or where the servant has been given a holiday, the master will not be liable therefor; and it has been held that this is so, although the act is one which, if done by the servant while on duty and at a time when actually engaged in the master's service, would be within the course and scope of his usual and ordinary duties. * * *

"The fact that in perpetrating the injury complained of the servant, while acting for some purpose of his own, used facilities supplied by the master and that the injury could not have been inflicted without such facilities, imposes no liability on the master."

The cases cited therein support the rule. We, therefore, hold that the defendant was not chargeable with responsibility for the negligence of McCallon, if any, at the time of the injury to the plaintiff.

"Where there is no evidence reasonably tending to show that a party sought to be charged was guilty of negligence, it is error for the trial court to submit such issue to the jury, and where the evidence fails entirely to show primary negligence, the court should sustain a demurrer and instruct a verdict for the defendant." Chicago, R. I. & P. Ry. Co. v. Wainscott, 103 Okla. 187, 229 P. 808.

The trial court erred in directing the jury to return a verdict for the plaintiff, and for that error the cause must be reversed.

In view of the fact that the evidence was fully developed at the hearing and that it is not probable that evidence showing a liability of the defendant can be procured, the judgment of the trial court is reversed and the cause is remanded to that court, with directions to dismiss the action.

LESTER, C. J., and RILEY, HEFNER, and CULLISON, JJ., concur. KORNEGAY, J., concurs in conclusion. CLARK, V. C. J., and McNEILL, J., dissent. SWINDALL, J., absent.

---

McNEILL, J. (dissenting). I dissent. It is my opinion that the instructions which were given were clearly erroneous and prejudicial to the rights of the defendant, and that said cause should be reversed and remanded for a new trial under proper instructions on the question of negligence.

As to the question of master and servant which is involved in this case, it is my opinion that the correct rule to be applied is announced in the following cases: Kish v. California State Automobile Ass'n (Cal.) 212 P. 27; May v. Farrell (Cal. App.) 271 P. 789.

Note.—See under (1) R. C. L. Perm. Supp. p. 4508.