PAUL HAILER *vs.* AMERICAN TOOL AND MACHINE COMPANY.

FRED HAILER *vs.* SAME.

Suffolk.    October 1, 1934. — October 6, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Agency*, Scope of employment.

At the trial of an action of tort for personal injuries sustained by reason of negligent operation of a motor vehicle by an employee of the defendant, a verdict rightly was ordered for the defendant on the ground that the evidence did not warrant a finding that the defendant was responsible for the conduct of the operator, where it appeared that the operator was employed by the defendant, that the motor vehicle was owned by the operator, and that when it was used on the defendant's business, as it was being used at the time of the injury to the plaintiff, the defendant furnished oil and gasoline; but there was no evidence that the operator was given any instructions how or at what speed he should drive his automobile or what route he should take, the testimony being that all those things were determined by the operator without any direction by the defendant.

TWO ACTIONS OF TORT.    Writs dated July 20, 1932.

In the Superior Court, the actions were tried together before *Donnelly*, J.    Material evidence is stated in the opinion.    The judge ordered verdicts for the defendant and reported the actions for determination by this court.

*J. J. Hurley*, (*J. A. Canavan* with him,) for the plaintiffs.
*E. Field*, (*R. H. Field* with him,) for the defendant.

RUGG, C.J.    The only point for decision is whether verdicts were rightly directed for the defendant on the ground that the evidence would not warrant a finding that the defendant was responsible for the conduct of one Arnold in driving the automobile which caused the injury to the minor plaintiff.    On the aspect of the evidence most favorable to the plaintiffs these facts might have been found: Arnold was employed by the defendant; according to an employee's service card issued to him by the defendant his occupation was stated to be "Chauffeur."    His duties

primarily were not those of a chauffeur.  Among his duties were acting as foreman of the defendant's garage, repairing its trucks and occasionally driving one of those trucks.  He owned the automobile in question and was accustomed with it to take men out on jobs for the defendant and to bring them back, to carry bundles to the post office and to collect mail at the post office, and to transport experts to repair machines at different places.  The general manager of the defendant on occasions told the company's shipper to have Arnold take him on company errands.  Arnold had taken an electrician employed by the defendant in his car to do work for the defendant in Somerville and was bringing him back at the time of the accident.  When the automobile of Arnold was used on the company's business "he got gas and oil from his employer."  There was no evidence to the effect that Arnold was given any instructions how or at what speed he should drive his automobile or what route he should take, but the testimony was that all these things were determined by Arnold without any direction from the defendant.  The case is very close but we are of opinion that it is governed by *Reardon* v. *Coleman Bros. Inc.* 277 Mass. 319, where the pertinent authorities are reviewed.  In each case the entry may be

*Judgment for the defendant.*