## CONVERSIONS & SURVEYS, Inc. v. ROACH.

### No. 4718.

United States Court of Appeals
First Circuit.

May 22, 1953.

Thomas H. Mahony, Boston, Mass. (Edward F. Mahony, Boston, Mass., on brief), for appellant.

Timothy H. Donohue, Boston, Mass. (Richard M. Sullivan, Boston, Mass., on brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

Nora Roach, as administratrix of the estate of Michael Roach, deceased, late of Stoneham, Massachusetts, brought in the court below a tort action against Conversions and Surveys, Inc., a New York corporation. The complaint charged that on January 26, 1952, the defendant, by its servant and agent while engaged in the business of the defendant, so negligently operated a motor vehicle on the streets of Malden, Mass., as to run into the intestate and cause his death. There were two counts, one for conscious suffering and medical expenses incurred prior to the death, and the other for wrongful death. In its substantive aspects, the case of course is governed by the statutory and common law of Massachusetts, as applied in the courts of the state.

At the close of the plaintiff's case defendant moved for a directed verdict on several grounds, one of which was that there was no evidence that the motor vehicle, at the time of the accident, was being operated by any person for whose operation the defendant was legally responsible. The motion was denied, and the case went to the jury, which returned plaintiff's verdicts on each count. Defendant then seasonably moved under Rule 50(b), Fed.Rules Civ.Proc. 28 U.S.C.A. for judgment notwithstanding the verdicts. This motion was also denied. The court entered judgment for the plaintiff pursuant to the verdicts, and defendant appeals.

The uncontested evidence disclosed the following situation: At the time of the accident the motor vehicle in question was being driven by one Sevigny. The car belonged to Sevigny and was registered in his name. He had bought it in September, 1951, defendant having contributed nothing toward the purchase price. Sevigny bore the expenses of upkeep, maintenance and operation of the car, and also of a policy of liability insurance. Since March, 1951, Sevigny had been in the general employ of defendant as a job accountant, and at the time of the accident his headquarters was at the Northampton, Mass., office of the defendant. He was in charge of the payroll of defendant's employees in the area, and was responsible for the personnel records of the men, the handling of insurance, the payment of invoices, collection of accounts receivable, etc. His duties required him to move about somewhat, collecting time sheets from men out in the field and delivering pay checks to them. Defendant told Sevigny that he could use his own car on company business as far as was necessary, and that he would be reimbursed at the rate of six cents a mile for the mileage so traveled, provided he furnished defendant's New York office with a certificate reciting that the car had been properly covered by insurance.

On January 26, 1952, Sevigny needed assistance at the Northampton office in completing the personnel records for the month, which had to be forwarded to the New York office. He made arrangement with defendant's office at Malden, Mass., to obtain the assistance of Miss June H. Karlson, a clerk employed in defendant's office at Malden. Sevigny drove in his car to the Malden office, picked up Miss Karlson and set out for Northampton for the purpose aforesaid. The accident occurred

while they were proceeding on Main Street, Malden, en route to Northampton.

Whatever the law may be in other jurisdictions, the Massachusetts cases clearly indicate that on the above facts, as a matter of law, defendant would not be legally liable for the negligence of Sevigny, if any, in the operation of the car; and that a verdict for the defendant would be directed in a state court. Pyyny v. Loose-Wiles Biscuit Co., 1925, 253 Mass. 574, 149 N.E. 541; Khoury v. Edison Electric Illuminating Co., 1928, 265 Mass. 236, 164 N.E. 77, 60 A.L.R. 1159; Wescott v. Henshaw Motor Co., 1931, 275 Mass. 82, 175 N.E. 153; Reardon v. Coleman Bros., Inc., 1931, 277 Mass. 319, 178 N.E. 638; Hailer v. American Tool & Machine Co., 1934, 288 Mass. 66, 192 N.E. 315. These cases recognize that a man like Sevigny, though in the general employ of defendant, may nevertheless be an independent contractor, not a servant, in the operation of his own car, even though, by permissive arrangement with his employer, he is using the car on company business. This result is not varied by the fact that the driver may at the time be transporting property of the employer. Khoury v. Edison Electric Illuminating Co., supra. It is the normal presumption that the right to control as to the detailed operation of the car is an incident of proprietorship; and to render the general employer liable on the doctrine of *respondeat superior* there must be some evidence warranting the inference that the owner, while permissively using his own car on company business, has yielded up to his employer this right to control speed, route, and the other details of operation. If the evidence warrants such an inference, it does not matter that the employer may not in the particular case have exercised the right of control thus accorded to him. See Khoury v. Edison Electric Illuminating Co., supra, 265 Mass. at page 238, 164 N.E. 77, 60 A.L.R. 1159. But it cannot be inferred that there was any such transfer of the right to control from the mere fact that the general employer may have agreed to reimburse the employee at so much per mile to the extent that the employee may use his own car on company business. Pyyny v. Loose-Wiles Biscuit Co., supra; Wescott v. Henshaw Motor Co., supra.

Appellee argues that Miss Karlson, if she had been injured in the accident while riding in Sevigny's car, would have been entitled to compensation from the defendant, her employer, under the Massachusetts Workmen's Compensation Act, as amended. Mass.G.L.(Ter.Ed.) c. 152, § 26. From this she apparently draws the conclusion that Sevigny must necessarily be regarded as the servant of defendant in the operation of the car. This is a complete *non sequitur*. The liability of an employer to pay workmen's compensation to an injured employee, and the liability of an employer to a third person on the doctrine of *respondeat superior*, depend upon entirely distinct considerations, as the court recognized in Campbell's Case, 1934, 288 Mass. 529, 531, 193 N.E. 365. Indeed, in Hailer v. American Tool & Machine Co., supra, the employee, driving his own car on company business, was at the time transporting a fellow employee; yet the court held that the general employer was not legally liable to a third person for the negligence of the driver of the car. Miss Karlson's right to workmen's compensation, in the case supposed, would depend upon the fact that she suffered personal injury "arising out of an ordinary risk of the street" while actually engaged on company business with her employer's authorization. Under the terms of the Act, she would recover workmen's compensation even if she were injured by the negligence of another motorist, a total stranger to the defendant; she would in fact recover for an injury received in an automobile accident even though there were no negligence on anybody's part. Her right to recover compensation would in no way tend to establish that the person who injured her was a servant of the defendant for whose conduct the employer would be liable to a third person injured at the same time.

The judgment of the District Court is reversed and the case is remanded to that Court with direction to enter judgment for defendant notwithstanding the verdicts; appellant recovers costs on appeal.