Edward ELIAS, Plaintiff in Error,

v.

MIDWEST MARBLE and TILE COMPANY, a Corporation, Defendant in Error.

No. 37087.

Supreme Court of Oklahoma.

Oct. 2, 1956.

action for recovery of personal injury and property damages arising out of a vehicle collision occurring on a street in Tulsa. Only Midwest Marble & Tile Company, a corporation, defendant in error, was defendant in the trial court. The sole question here involved is whether or not there was sufficient evidence that the driver of the vehicle colliding with plaintiff's car was, as claimed by plaintiff, "in the course of his employment" for defendant at the time of the collision. If there was sufficient evidence on this point the trial court erred in sustaining the demurrer, taking the case from the jury and rendering judgment for defendant.

The evidence adduced by plaintiff in support of the point here in issue consisted of the testimony of Fred Storozyszyn. His testimony insofar as it relates to the issue was, in substance, as follows: he was the driver of the car which collided with plaintiff's car; the car belonged to him and he paid the operating costs; he was, on the date of the accident, employed by the defendant as a tile setter's helper, and had worked that day, a Saturday, from approximately 10 A.M. to noon, and was returning from work to his home when the collision occurred; his work week was from Friday morning to Thursday afternoon, Saturdays excluded; the first 40 hours of each week, regardless of the days worked, were computed on straight time, all compensation for additional hours was on a basis of time and one-half; on the day of the collision he was offered work for that day and was free to accept or reject the offer; if he had finished the week on full time he would have received time and one-half for the two hours completed on that day; his pay on each day of employment started when he arrived on the job, and stopped when he left.

Kavanaugh Bush, Tulsa, for plaintiff in error.

Rucker, Tabor & Cox, Truman B. Rucker, Joseph A. Sharp, Tulsa, for defendant in error.

PER CURIAM.

■ This is an appeal from the order of the District Court of Tulsa county, overruling a motion for a new trial, of plaintiff in error, who as plaintiff had brought

■ In Wilson & Co. v. Shaw, 157 Okl. 34, 10 P.2d 448, this court in paragraph 1 of its syllabus stated:

"In an action for the recovery of damages for personal injuries sus-

tained through the alleged negligence of an alleged employee, the burden is upon the plaintiff to show not only that the alleged employee was an employee of the defendant, but that at the time the injury was sustained he was engaged in the performance of an act which was within the scope of his employment."

And in paragraph 3 of the syllabus, we held:

"Where an employee leaves the premises of his employer at the close of his day's work for the purpose of going to his home, and while on the way to his home he negligently injures another, his employer is not liable for the result of the injury."

Such liability as a master may have for the negligent acts or omissions of his servant arises under the doctrine of "respondeat superior" and only arises when the servant is acting within the scope of his employment at the time of his negligent act. Small v. Shull, 190 Okl. 418, 124 P.2d 381; Claxton v. Page, 190 Okl. 422, 124 P.2d 977; Massman Construction Co. v. Chisholm, 193 Okl. 473, 145 P.2d 207.

 Plaintiff in error argues that there was evidence sufficient to show the employee was engaged in a special task for his employer, at the employer's request, not within his regular tasks and that this constituted evidence of an exception to the rules above stated which should have been submitted to the jury under proper instructions. While it may be said that the employee on this particular Saturday performed work at a place other than where he had worked on preceding days and would not have been on the particular job at which he performed labor, and on that particular day, we do not think such facts are material since the test lies in whether or not he was at the time of the alleged act of negligence resulting in an injury to a third person, acting in the scope of his employment. Plaintiff in error does not contend that there would have been any

liability on the part of the employer had the accident occurred during the regular week days, but takes the position that because Storozyszyn had been employed on what is termed a special task there was an exception to the general rule. R. J. Allison, Inc., v. Boling, 192 Okl. 213, 134 P.2d 980, and Thurston Chemical Co. v. Casteel, Okl., 285 P.2d 403, are cited in support of the contention made. Both of these cases involved the right of recovery by the employee under the Workmen's Compensation Law, 85 O.S.1951 § 11, and are not controlling under the facts of this case governed by the doctrine of "respondeat superior". In Conversions & Surveys v. Roach, 1 Cir., 204 F.2d 499, 501, an attempt to draw the conclusion that because the employee would have been entitled to draw compensation from the employer under the Massachusetts Workmen's Compensation Act, the employee must necessarily be regarded as the servant of the employer in the operation of a car involved in a collision with a third party. The court stated:

"This is a complete *non sequitur*. The liability of an employee to pay workmen's compensation to an injured employee, and the liability of an employer to a third person on the doctrine of *respondeat superior,* depend upon entirely distinct considerations * *."

 There being a total lack of evidence that Storozyszyn was at the time of the collision acting within the scope of his employment with defendant in error, the trial court properly sustained the demurrer to the evidence.

Affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner

Crawford, and approved by Commissioners Reed and Nease, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.