Helen TAYLOR, Appellant,

v.

Gladys PATE, Defendant,

and

Edmond Public School District I–12, Appellee.

No. 79250.

Court of Appeals of Oklahoma, Division No. I.

April 20, 1993.

Rehearing Denied June 8, 1993.

Certiorari Denied Sept. 13, 1993.

Rodney C. Ramsey, Stewart and Elder, Oklahoma City, for appellant.

W. Wayne Mills, Kent R. McGuire, Mills, Whitten, Mills, Mills & Hinkle, Oklahoma City, for appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

On February 26, 1990, Gladys Pate (Pate), not a party to this appeal, was driving home when she struck a pedestrian. The pedestrian, Helen T. Taylor (Taylor), sued Pate. She alleged Pate was negligent in the operation of her car. Later, Taylor filed an amended petition. She alleged Pate was acting within the scope and course of her employment with Edmond Public School District I-12 (School), and made School a Defendant.

Pate was an art facilitator for School. Her duties were to obtain visiting artists for School and to handle all transactions necessary to compensate them.

School answered and later moved for summary judgment. School contended that the following facts were undisputed: (1) Pate was employed by School; (2) February 26, 1990, she was on sick leave; (3) that day, prior to the accident, Pate left her home and traveled to the hospital; (4) when she left the hospital she went by the school district special services center and re-viewed certain contracts between School and visiting artists; (5) after leaving the special services center, she stopped by her personal post office box; (6) she then proceeded from the post office to the School Superintendent's office; (7) after completing her mission for School, Pate left the Superintendent's office to go home; and, (8) it was while she was driving home from the Superintendent's office that the accident occurred.

Taylor responded to School's motion and claimed the following facts were undisputed: (1) Pate had been employed by School for over nine years; (2) School compensated her on a monthly basis; (3) she was receiving her normal monthly salary, but was on sick leave when the accident occurred; (4) Pate's sole purpose for leaving her home on the date of the accident was to complete forms so that School could issue payment checks to the visiting artists; (5) the visiting artists would not have been paid if she had not completed the forms; (6) Pate was the only person responsible for obtaining visiting artists and seeing that they were paid; (7) the Superintendent was aware that she was furthering the School's business; and, (8) her entire mission was exclusively on behalf of her employer, School.

The trial court sustained School's motion and entered judgment for School against Taylor. The Court found that Pate was within the "going and coming" doctrine which holds that an employer is not responsible for the employee's acts if the employee is traveling to or from work. The judgment did not determine the issues between Pate and Taylor.[1] While the court found that Pate left her home on the day of the accident in furtherance of School's business, she had completely finished that task and was on her way home at the time of the accident.

■ Ordinarily, as contended by Taylor, issues relating to the existence of Agency or a master-servant relation are questions of fact to be determined by a jury. Howev-

---

1. While the court adjudicated fewer than all claims, it made an express finding that there was no just reason for delaying the entry of a final judgment between Taylor and School, as authorized by 12 O.S.1991 § 1006. This appeal is not premature.

er, where there is no genuine dispute as to any material fact, as is the case here, and a motion for summary judgment is being considered, the issue becomes one of law for the Court to decide. The Court, in such cases, must decide whether one party is entitled to judgment as a matter of law. See Rules for District Courts of Oklahoma, Rule 13, 12 O.S.1991 Ch. 2, App. 1.

Taylor appeals and contends that it was error for the trial court to sustain School's motion for summary judgment because Pate was engaged in an activity that constituted an exception to the "going and coming" rule.[2] She relies on *Anderson v. Falcon Drilling Co.*, 695 P.2d 521 (Okl.1985); *Anderson Construction Co. v. Franklin*, 315 P.2d 785 (Okl.1957); *Dill v. Rader*, 533 P.2d 650 (Okl.Ct.App.1975); *Haco Drilling Co. v. Burchette*, 364 P.2d 674 (Okl.1961); *Mid–Continent Pipeline Co. v. Crauthers*, 267 P.2d 568 (Okl.1954); *Roring v. Hoggard*, 326 P.2d 812 (Okl.1958). These cases show examples of facts constituting exceptions to the rule. Taylor's reliance on *Anderson Construction Co. v. Franklin*, 315 P.2d 785 (Okl.1957) is misplaced. That case involved workers compensation issues and is inapplicable here. In *Elias v. Midwest Marble & Tile Co.*, 302 P.2d 126 (Okl. 1956), the Court quoted with approval from *Conversions & Surveys v. Roach*, 204 F.2d 499, 501 (1st Cir.1953), as follows:

> This is a complete *non sequitur*. The liability of an employee (sic) to pay workmen's compensation to an injured employee, and the liability of an employer to a third person on the doctrine of *respondeat superior*, depend upon entirely distinct considerations * *.

▆▆ Generally a master is not liable for the acts of its servant under the doctrine of respondeat superior unless the servant is acting within the scope of her employment at the time of the accident. *Wilson & Co. v. Shaw*, 157 Okla. 34, 10 P.2d 448 (1932). When an employee is going to or coming from work the employee is not considered to be within the scope of employment. *Oklahoma Natural Gas Corp. v. Union Bank & Trust*, 149 Okla. 12, 299 P. 159 (1931). However, exceptions exist to the "going and coming" rule. An employer may be liable if the employee was "rendering [a] service for him by the employer's consent, either express or implied." *Haco Drilling Co. v. Burchette*, 364 P.2d 674, 677 (Okl.1961) quoting *Roring v. Hoggard*, 326 P.2d 812 (Okl.1958). Exceptions will be made when the trip involves an incidental benefit to the employer, not common to commute trips by ordinary members of the work force. *Anderson v. Falcon Drilling Co.*, 695 P.2d 521 (Okl.1985) quoting *Hinman v. Westinghouse Electric Co.*, 2 Cal.3d 956, 88 Cal.Rptr. 188, 471 P.2d 988 (1970).

The exceptions have been limited to where an employee has been directed by his employer to do something, such as to pick up ice water on the way to his place of employment and bring it there, *Haco Drilling v. Burchette*, 364 P.2d 674 (Okl.1961); or where the employee had been directed by the employer to participate in a car pool with other shift members to facilitate ease of shift change, *Anderson v. Falcon Drilling*, 695 P.2d 521 (Okl.1985); or the employee had been regularly employed by the employer and was carrying fuel and equipment owned by the employer at the time of the accident, *Roring v. Hoggard*, 326 P.2d 812 (Okl.1958).

In *Elias v. Midwest Marble and Tile Company*, supra, the issue was whether an exception existed to the rule that an employer is not liable for the act of its employee which occurred while the employee was on his way home from work. The employee's regular work week was from Monday morning to Thursday afternoon, Saturdays were excluded. One Saturday, the employee was offered the opportunity to work during morning hours, and he accepted. He worked on that Saturday from

---

**2.** Neither party mentions The Governmental Tort Claims Act, 51 O.S.1991 § 151 et seq., in their briefs. Except to observe that serious questions exist as to whether a Public Official may waive the substantial rights of the State or of any of its Political Subdivisions, and because of our rulings on the issues presented, it is unnecessary to express any opinion in this respect.

approximately 10 o'clock a.m. to noon, and was returning from work to his home when the collision occurred. Elias contended the employee was engaged in a special task for his employer, at the employer's request, and this constituted evidence of an exception to the general rule. That contention was rejected. The Court said:

> While it may be said that the employee on this particular Saturday performed work at a place other than where he had worked on preceding days and would not have been on the particular job at which he performed labor, and on that particular day, we do not think such facts are material since the test lies in whether or not he was at the time of the alleged act of negligence resulting in an injury to a third person, acting in the scope of his employment.

■ Each party's version of the undisputed facts show that Pate performed a service for School, completed that service, and then was involved in this accident on the way home from work. There were no extenuating circumstances that cause this fact situation to be an exception to the "going and coming" rule. Pate was not acting under the direction of her employer as she returned home. She was not doing or refraining from doing anything, pursuant to directions from her employer. She was not traveling in her car for the performance of any job related duty. She had completed her task for the employer before she left the Superintendent's office. She was not acting within the scope of her employment at the time the accident occurred.

■ Summary judgment is proper when the record before the Court presents no genuine issue of material fact and one party is entitled to judgment as a matter of law. *Buckner v. General Motors Corp.*, 760 P.2d 803 (Okl.1988). Summary judgment for School was correctly entered.

AFFIRMED.

ADAMS, P.J., and JONES, J., concur.