1998 OK CIV APP 79

**William Jerry HARLESS, Plaintiff/Appellant,**

v.

**Dale Frederick NASH, Defendant,**

and

**Weatherford U.S., Inc., Defendant/Appellee.**

**No. 90085.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 19, 1998.

R. Lyle Clemens, Oklahoma City, for Plaintiff/Appellant.

Gerald E. Durbin, Durbin, Larimore & Bialick, Oklahoma City, for Defendant Dale Fredrick Nash,

Anton J. Rupert, Steven W. Ballard, Crowe & Dunlevy, Oklahoma City, for Defendant/Appellee Weatherford U.S., Inc.

OPINION

BUETTNER, Presiding Judge.

¶ 1  Defendant/Appellee Weatherford U.S., Inc. moved for summary judgment in its favor on the ground that any negligence committed by its employee, Nash, oc-

curred while Nash was returning to work. Under the "going and coming rule," an employer is not liable for damages caused by its employee who is merely going to or coming from work. The court certified the grant of summary judgment pursuant to 12 O.S. Supp.1995 § 994(A), finding no just reason for delay in entering a final judgment. We affirm.

¶2 The motion for summary judgment, as well as the individual responses of Plaintiff William Jerry Harless and Defendant Dale Frederick Nash, depend on Nash's deposition testimony in support of their positions. No party presented any other evidence.

¶3 Nash's deposition reveals that he was off work on the date when he was involved in the car wreck with Harless in November 1994. He stated that he worked out of Weatherford's store in Liberal, Kansas, but had also worked out of stores in Elk City and Woodward. He was in Elk City, his home, because of the Thanksgiving holiday. Some weekends he would go to Elk City. He stated that his job was a 24-hour on-call job, unless there was a holiday. Weatherford did not compensate him for driving from Elk City to Liberal. Weatherford had never sent him from Liberal to Elk City to pick up parts. He never used his own vehicle, a pickup truck, for company business. He was driving his own truck at the time of the wreck. Weatherford had called him one night during the Thanksgiving holiday and asked him to return to work the next day in Liberal because of unavailability of people. If the company had a job for him to do during a holiday, someone would call him and ask him to return to the shop, rather than telling him to go directly to a job site. Although it was still his holiday time, he was not compensated for the day he drove back to Liberal. The wreck occurred at the intersection of Business 40 and Highway 34. His home base store was in Liberal, which is 191 miles from Elk City. He lived in a motel room while in Liberal.

¶4 The basic rule pertaining to employer liability for the torts of an employee is that the "burden is upon the plaintiff to show, not only that the alleged employee was an employee of the defendant, but that at the time the injury was sustained and the property damage suffered he was engaged in the performance of an act which was within the scope of his employment." *Elias v. Midwest Marble and Tile Company*, 1956 OK 259, 302 P.2d 126 (syllabus by the court). Insofar as commuting time, as "a general rule, a man's employment does not begin until he has reached the place of his employment, and does not continue after he has gone, and where employer's liability for negligent acts of his employee is determined under the doctrine of *respondeat superior* the rules relating to tasks applied in workmen compensation cases has no application." *Id.* at 127 (syllabus by the court). In the *Elias* case, an employee was called into work for a few hours on a Saturday which was his usual day off. The employee was involved in a car wreck that day, while driving home at the end of the two hour job. He was in his own car and he paid its operating costs. The plaintiff in *Elias* argued that the employee was on a special task for his employer because he had worked on his normal day off at a place different from previous days. The *Elias* court found that these facts did not show that the employee was engaged in a special task for his employer, which would constitute an exception to the rule, because the test for *respondeat superior* is whether "at the time of the alleged act of negligence resulting in an injury to a third person, acting in the scope of his employment." *Id* at 128.

¶5 The plaintiff in *Elias* relied on two workers' compensation cases in arguing the applicability of the special task exception. The Oklahoma Supreme Court stated:

In *Conversions & Surveys v. Roach*, 1 Cir., 204 F.2d 499, 501, an attempt to draw the conclusion that because the employee would have been entitled to draw compensation from the employer under the Massachusetts Workmens' Compensation Act, the employee must necessarily be regarded as the servant of the employer in the operation of a car involved in a collision with a third party. The court stated:

This is a complete *non sequitur.* The liability of an employer to pay workmen's compensation to an injured em-

ployee, and the liability of an employer to a third person on the doctrine of *respondeat superior,* depends upon entirely distinct considerations. . . .

Thus, Harless' cite to *Stroud Municipal Hospital v. Mooney,* 933 P.2d 872 (Okla.1996) is inapposite. *Stroud* is a workers' compensation case in which the employee was called back from his lunch hour because of an emergency at the hospital. On the way back to the hospital, the employee was involved in an automobile accident and injured. The Oklahoma Supreme Court held that the employee was entitled to workers' compensation under the "special task" exception.

■ ¶ 6   First, we do not believe *Stroud* overrules *Elias.* The cases can be harmonized because of the recognized distinction between workers' compensation and the principle of *respondeat superior.*[1] For purposes of tort liability, an employee is not in the course of employment going to or coming home from his job even when the hours or place of employment changes. This is the lesson from *Elias.*

¶ 7   In *Anderson v. Falcon Drilling Company,* 1985 OK ——, 695 P.2d 521, the Oklahoma Supreme Court cited *Elias* in ruling that a Workers' Compensation Court finding of course and scope of employment could not be used in a tort action to support a motion for summary judgment on the issue of *respondeat superior.* The Court stated:

> The nature of the questions involved in finding an injury compensable in workers' compensation cases differ markedly from the questions which must be dealt with in finding an employer liable for tortious injuries to others.

¶ 8   The Court then cited with approval the following language from *Church v. Arko,* 75 Cal.App.3d 291, 298, 142 Cal.Rptr. 92, 96 (1977):

\*   \*   \*

In the light of these conceptual differences, it has been held that the authorities interpreting the words "arising out of and occurring in the course of his employment" for the purpose of determining liability under the workmen's compensation laws are not controlling when the test of liability is in the interpretation of the words "acting within the scope of employment" under the doctrine of *respondeat superior.* [Citations omitted.]

"Although a healthy symbiosis is possible, precedents developed in one field should not be injected into another without recognition of the separate principles prevailing in each." [Citation omitted.]

"Scope of employment" defines a more restricted area of employee conduct than the phrase "arising out of and in the course of employment." [Citations omitted.] Thus, an employee can suffer a compensable injury under workers' compensation but not be within the scope of employment. [Citation omitted.] If an injury is within the "scope of employment," it will probably be "arising out of and [occurring] in the course of the employment"; however, the reverse is not true.

¶ 9   *Elias,* was also relied upon in *Taylor v. Pate,* 1993 OK CIV APP ——, 859 P.2d 1124. In this case, an art facilitator of a school district was on sick leave, but needed to finish some paperwork so that visiting artists could get paid. After completing her work at the superintendent's office, the art facilitator struck a pedestrian while driving home. The pedestrian joined the school district as a defendant in her suit against the art facilitator.

¶ 10   The Court of Appeals held that the "going and coming" rule applied, and distinguished cases, like *Haco, infra,* and *Anderson, supra,* in which the employer had specifically requested the employee to perform some service for the employer on the way to work. 859 P.2d at 1126. The court held a finding that the injury was covered under workers' compensation. Yet no one would seriously argue for *respondeat superior* liability for torts committed by an off work employee while voluntarily dropping by the place of employment to pick up a paycheck.

---

1. Another example of the special nature of workers' compensation "course and scope of employment" is found in *St. Anthony Hospital v. James,* 1994 OK CIV APP ——, 889 P.2d 1279. In that case, an employee was injured while picking up her paycheck at the hospital on her day off. The court, after extensive citation of authority, up-

refused to consider a workers' compensation case, cited by the pedestrian, relying on *Elias*.

■ ¶ 11 For purposes of workers' compensation, an employee may be within the course of employment, and receive compensation, when the employer requests him to accomplish a special task outside of his normal work hours. *Harris v. LaQuinta*, 1997 OK ——, 937 P.2d 89, 90. This is the lesson from *Stroud*. However, even if we were to apply *Stroud* to the facts of this case, we would find it distinguishable. *Stroud* involved an emergency call back during a lunch hour. A material fact considered by the Court was that "[o]n this special mission the Claimant's task, his job, was to promptly drive to the emergency room for an emergency." 933 P.2d at 875. Thus, a temporal element was important to the decision. The employee was going directly to his workplace.[2]

¶ 12 In the instant case, Nash was requested to cut his holiday short because of a shortage of personnel. He was driving back to his usual work locality so that he could report to work the next day. There was no emergency involved. We are not prepared to expand the rationale of *Stroud* to say that every holiday or vacation that is cut short at the request of the employer becomes travel in the course and scope of employment.

¶ 13 A special task exception to the "going and coming" rule, not involving a change of work time, has been recognized in both tort and workers' compensation cases. In *Haco Drilling Co. v. Burchette*, 1961 OK 145, 364 P.2d 674, the employer instructed the crew that the person furnishing the car for the car pooling was to take a water can and get ice at an ice house where the employer had an arrangement for ice and bring the ice and water to the drill site everyday. The employee's car was expected to be used as "an incident of and in furtherance of the business of Haco in its drilling operations."

*Id.* at 676. Consequently, the wreck in which the crew was involved after picking up the water and ice exposed the employer to liability for the tort.

¶ 14 In a workers' compensation case applying the special task exception, an employer instructed an employee to pick up work supplies while on the way to work. *Skinner v. Braum's Ice Cream Store*, 1995 OK 11, 890 P.2d 922. The Oklahoma Supreme Court explained that Oklahoma "has recognized exceptions to the 'going and coming rule.' Liability is imposed upon the employer if the employee is rendering a service, either express or implied, to the employer with his/her consent. An exception also exists if the trip involves an incidental benefit to the employer not common to ordinary commuting trips of the work force." *Id.* at 924.

¶ 15 Nash's trip did not involve a benefit or service to his employer as described in *Haco Drilling* or *Skinner*. The facts in the case at bar closely track those found in *Elias*. The fact that the commute was 191 miles is not material because the test is whether the employee was in the scope of his employment at the time of the negligent act. Nor does being called into work during a holiday constitute an exception to the "going and coming" rule. Even if *Stroud* could be applied to bring *Nash* within workers' compensation coverage, that would not establish that he was within the scope of employment so as to create *respondeat superior* liability on behalf of his employer. Because there were no facts presented placing one of the recognized exceptions at issue, the court properly granted judgment in favor of employer Weatherford U.S., Inc. 12 O.S. Supp.1993 Ch.2.App. 1, D.Ct. Rule 13.

AFFIRMED.

HANSEN and ADAMS, JJ., concur.

---

2. This area of workers' compensation law is further complicated by the nature of the work the employee is requested to perform outside of normal work hours. In *Harris v. LaQuinta, supra*, the special task exception is further clarified in that if the employee is working overtime, performing regular work activities, and is injured on the way home, the injury is not compensable. *Also see Schell v. Blue Bell, Inc.*, 1981 OK APP ——, 637 P.2d 914 (merely going to work outside regular work hours does not qualify for special task exception to going and coming rule).