FILED
United States Court of Appeals
Tenth Circuit

November 2, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOEL ROBERTS; ROBYN ROBERTS,

      Plaintiffs-Appellants,

v.

H-40 DRILLING, INC., a Kansas
corporation,

      Defendant-Appellee,

TIM DANNER,

      Defendant-Appellant,

------------------------------

COMPSOURCE OKLAHOMA,

      Intervenor.

No. 11-6292
(D.C. No. 5:10-CV-01088-C)
(W.D. Okla.)

**ORDER**

Before **HARTZ**, **ANDERSON**, and **EBEL**, Circuit Judges.


Defendant-Appellee H-40 Drilling, Inc. has filed a Petition for Panel

Rehearing for the limited purpose to correct a scrivener's error in the order and

judgment issued September 28, 2012.  The petition is GRANTED.  Accordingly, the

order and judgment issued September 28, 2012, is withdrawn, and the attached

amended order and judgment is issued nunc pro tunc to September 28, 2012.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

September 28, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOEL ROBERTS; ROBYN ROBERTS,

      Plaintiffs-Appellants,

v.

H-40 DRILLING, INC., a Kansas
corporation,

      Defendant-Appellee,

TIM DANNER,

      Defendant-Appellant,

------------------------------

COMPSOURCE OKLAHOMA,

      Intervenor.

No. 11-6292
(D.C. No. 5:10-CV-01088-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **EBEL**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Joel Roberts and his wife, Robyn Roberts,[1] appeal from the district court's order granting summary judgment in favor of H-40 Drilling, Inc. (H-40) on their claim for damages under the theory of respondeat superior.[2] We have jurisdiction under 28 U.S.C. § 1291,[3] and we affirm.

## BACKGROUND

At about 4 p.m. on June 13, 2008, Tim Danner, an employee of H-40, completed his shift at a drilling site in Beaver County, Oklahoma, got into his personal vehicle and headed out to a doctor's appointment that he had scheduled earlier that day. Mr. Danner, who was seeking treatment for a spider bite, told his supervisor that he "had to go to the doctor, and they were going to stay there and wait for me. Because I had – I'm sure it was on a Friday because I couldn't get in on Saturday[.]" Aplt. App. at 55. Although Mr. Danner could not remember precisely when he was bitten, ("I think it was, like, a couple of weeks [before I made the appointment]," *id*. at 58), he did not consider the bite to be a work-related injury.

As Mr. Danner was driving to the doctor's appointment he encountered two semi-trucks parked directly across from each other on opposite sides of a private road

---

[1]    Ms. Roberts' claim for loss of consortium derives from her husband's personal injury claims.

[2]    Tim Danner, who has been sued for negligence, joins in the Roberts' appeal.

[3]    The Roberts' negligence claim against Tim Danner has not been resolved. We nonetheless have jurisdiction under 28 U.S.C. § 1291, because even though the district court's order did not adjudicate all the claims or the rights and liabilities of all the parties, the court certified the order as a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure.

leading into and out of the drilling site.  H-40, a drilling company, leased the road from J-Brex Company, the drill site operator, who was responsible to "maintain the road in such a condition that will allow free access and movement to and from the drilling site in an ordinarily equipped highway type vehicle." *Id*. at 77.  As Mr. Danner was driving his vehicle between the semis, he struck and injured Mr. Roberts,[4] who in turn sued Mr. Danner for negligence and H-40 under the theory of respondeat superior.

### DISCUSSION

This is a diversity case.  As such, "the laws of [Oklahoma], the forum state, govern[s] our analysis of the underlying claims while federal law determines the propriety of the district court's grant of summary judgment." *Reid v. Geico Gen. Ins. Co.*, 499 F.3d 1163, 1167 (10th Cir. 2007).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). "In applying the standard set forth in Rule 56[(a)], we must examine the record in the light most favorable to [Mr. Roberts], the non-moving party.  *Reid*, 499 F.3d at 1167. "A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011).

"Generally a master is not liable for the acts of its servant under the doctrine of respondeat superior unless the servant is acting within the scope of [his] employment

---

[4]     Mr. Roberts was not an employee of H-40.

- 3 -

at the time of the accident.  When an employee is going to or coming from work the employee is not considered to be within the scope of employment."  *Taylor v. Pate*, 859 P.2d 1124, 1126 (Okla. Civ. App. 1993) (citation omitted).

Mr. Roberts' argument on appeal is two-fold.  First, he argues that what is considered as going to and coming from work is defined more broadly in the oilfield business.  We disagree.  Although a few cases cited by Mr. Roberts happen to concern drilling companies, for all intents and purposes, the same rule has been applied by Oklahoma courts to determine respondeat superior liability regardless of the nature of the employer's business.

Oklahoma does recognize an exception to the "going and coming rule," where in the course of coming to or going home from work, the employee "render[s] [a] service for [the employer] by [the employer's] consent, either express or implied."  *Haco Drilling Co. v. Burchette*, 364 P.2d 674, 677 (Okla. 1961) (internal quotation marks omitted).  For example, in *Haco*, the court held that the defendant employer was properly found liable under the theory of respondeat superior where the defendant employee stopped on his way to work to pick up ice and water in a container furnished by the employer.  In examining  whether the employee was rendering a service for his employer, the court noted that the employer:  (1) furnished the container; (2) gave instructions to the employee as to the time, place and method of obtaining the water; and (3) all the employees working on the shift drank the water.  *Id*. at 676.

*Anderson v. Falcon Drilling Co.*, 695 P.2d 521 (Okla. 1985), is another case that also concerned a drilling-company defendant. But the court did not apply a special "oilfield services" rule to determine respondeat superior liability; instead, applying the rule in *Haco*, the court concluded that the employee was rendering a service for employer when on his way to work he lost control of his car and crashed into Anderson's vehicle, noting that: (1) the employee was required by his supervisor to carpool to the work site; (2) the employee was driving to pick up a member of the carpool when the accident occurred; and (3) carpooling benefited the employer "in that it facilitated smooth changeovers of drilling shifts." *Id*. at 525.

According to Mr. Roberts, "[o]ne of the leading cases in Oklahoma on the exception to the going and coming rule is Christian v. Nicor Drilling, 653 P.2d 185 (Okla. 1982)." Apl't. Opening Br. at 16. *Christian* concerned whether employees were entitled to workers' compensation benefits. The court acknowledged the general "going and coming" rule that precludes recovery even in workers' compensation cases when an employee is injured going to and from the workplace. It nonetheless found an exception to the general rule "when the employer provides transportation to the job site or whenever the nature of the work itself creates a necessity for travel." *Christian v. Nicor Drilling*, 653 P.2d 185, 186 (Okla. 1982). The court held that the exception "rest[s] on the law's awareness that in certain situations both the employer and the employee derive mutual benefit from the *inclusion* of travel in the course of employment," *id*. (emphasis added), and cited as

one example "the oil industry[] [w]hen drilling sites are at locations remote from population centers [and] transportation is commonly provided by the employer for the mutual benefit of all parties," *id*. But this is not a workers' compensation case or a situation where H-40 included or provided travel for Mr. Danner as part of his employment.

Mr. Roberts' next argument is that because the accident occurred on a private road leased by H-40, Mr. Danner was still on the job. Again we disagree because this argument rests on the faulty premise that employer's liability to its employee for an on-the-job injury is the same as liability to a third party for the tortious acts of that employee. Most of the authorities that Mr. Roberts cites are workers' compensation cases that concern the responsibility of an employer to its own employees for on-the-job injuries. Therefore, the cases often turn not only on what the employee was doing, but where the employee was when the injury occurred. These cases, however, have little or nothing to do with whether an employer should be liable to a third party for an accident caused by an employee under the theory of respondeat superior. Indeed, Oklahoma has recognized that "[t]he liability of an employe[r] to pay workmen's compensation to an injured employee, and the liability of an employer to a third person on the doctrine of respondeat superior, depend upon entirely distinct considerations." *Elias v. Midwest Marble & Tile Co.*, 302 P.2d 126, 128 (Okla. 1956) (internal quotation marks omitted). *See also Anderson*, 695 P.2d at 526 (noting the different considerations between "an injury compensable in workers'

compensation cases," and "finding an employer liable for tortious injuries to others");

*Taylor*, 859 P.2d at 1126 (holding that cases involving workers' compensation issues are inapplicable to determining whether an employer is vicariously liable to a third party for the tort of an employee).

Mr. Danner was not rendering any service for H-40 when the accident occurred; instead, he was on his way home from work, intending to stop on the way for a personal doctor's appointment.  As such, the district court properly entered summary judgment in favor of H-40 and against Mr. Roberts.  The judgment of the district court is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge

- 7 -