James D. SKINNER, Appellant,

v.

**BRAUM'S ICE CREAM STORE &/or Braum Ice Cream & Dairy Store, trade names for W.A. Braum, Inc., an Oklahoma corporation, Appellee,**

and

Donna L. Razvizadeh, and New York Underwriters Insurance Company, a/k/a Hartford Underwriters Insurance Company, Defendants.

No. 82712.

Supreme Court of Oklahoma.

Jan. 17, 1995.

Scott A. McArdle, Edmond and James B. Browne, Oklahoma City, for appellant.

Michael Noland, Oklahoma City, for appellee.

KAUGER, Vice Chief Justice:

The single issue presented concerns an employer's liability for an employee while traveling to and from the work place. We find that an employee, instructed to complete a task by an employer while traveling to work, may be within the scope of employment during the commute.

## FACTS

On November 18, 1987, the appellant, James D. Skinner (Skinner), was injured when his car was rear-ended by the defendant, Donna L. Razvizadeh (Razvizadeh/employee). Razvizadeh was employed by the appellee, Braum's Ice Cream Store (Braums/employer) at the Braums store located on North Western in Oklahoma City. When the accident occurred, Razvizadeh was en route to a Braums store on Rockwell. Her deposition testimony was that she had been called at home and asked to pick up supplies from Braums Rockwell store on her way to her regular work station on North Western.[1] Although the employer's response to the petition in error and preliminary statement indicates that the deviation in travel was authorized by Razavizadeh's supervisor,[2] the supervisor testified that she did not remember calling the employee to ask her to pick up supplies.[3]

On November 13, 1989, Skinner filed suit alleging that the employee was acting within the scope of her employment at the time of the collision. The cause was dismissed with-

---

1. Pp. 32–33 of the employee's deposition provides in pertinent part:
    "... Q. Where were you going?
    A. To work.
    Q. To work where?
    A. I was going to stop and pick up something and go to work.
    Q. Where were you going to stop and pick up something?
    A. At another Braum's store on Rockwell.
    Q. At what?
    A. Rockwell.
    Q. What were you going to stop and pick up?
    A. I don't remember.
    Q. Who was the manager of the Rockwell store?
    A. I don't know.
    Q. How do you know you were going to stop and pick up something?
    A. Because my manager of the store called me and asked me if I would do so...."

2. Exhibit B of the employer's response to petition in error and preliminary statement provides in pertinent part:

    "... At the time of the accident, Ms. Razavizadeh was travelling to the Rockwell Store to obtain supplies for the Braum's Ice Cream Store on North Western (the Western Store). Ms. Razavizadeh testified via deposition that her manager at the Western Store, Ms. Sue Vallance, had instructed her on that day to report to work at the Rockwell Store. However, Ms. Razavizadeh neither obtained the supplies nor reported to work at the Rockwell Store on November 18, 1987...."

3. The supervisor's deposition provides in pertinent part:

    "... Q. She (Razvizadeh) has indicated that on that date she received a phone call with a request that she go by the store on Rockwell and pick up some supplies to bring to the Hefner store. Do you remember that conversation at all?
    A. No.
    Q. Could that conversation have taken place?
    A. Yes...."

out prejudice on September 18, 1991, for failure to prosecute. It was refiled on August 5, 1992;[4] and Skinner moved for partial summary on October 6, 1993, alleging that Razvizadeh was acting within the scope of employment when the accident happened. Braums responded on October 13, 1993, disputing the employment issue, and moving for summary judgment on the employment claim. The trial judge sustained the Braums motion and awarded costs. Skinner moved to certify the judgment as final pursuant to 12 O.S.Supp.1993 § 994.[5] Finding that there was no just reason for delaying the preparation and filing of final judgment as to Braums, the trial court sustained the motion. The Court of Appeals affirmed. It held that because the employee had not arrived at her assigned work place when the accident occurred, she was not acting within the scope of employment. We granted certiorari on September 20, 1994, to consider whether an employee, instructed to complete a task by an employer while traveling to work, is acting within the scope of employment during the commute.

4. Title 12 O.S.1991 § 100 provides:
   "If any action is commenced within due time and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed."

5. Title 12 O.S.Supp.1993 § 994 provides in pertinent part:
   "A. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the preparation and filing of a final judgment or decree as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the filing of a final judgment or decree. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the final judgment or decree adjudicating all the

## AN EMPLOYEE, INSTRUCTED TO COMPLETE A TASK BY AN EMPLOYER WHILE TRAVELING TO WORK, MAY BE WITHIN THE SCOPE OF EMPLOYMENT DURING THE COMMUTE.

■ Skinner and the employer recognize the general rule that an employee, going to or coming from work, is not considered to be within the scope of employment.[6] However, Skinner insists that Braums' direction to Razavizadeh to pick up supplies on her way to work is an exception to the "going and coming rule."[7] Braums argues that because the employee's conduct had been of no benefit to it when the accident occurred, Razavizadeh was outside the scope of employment. We disagree.

■ This Court has recognized exceptions to the "going and coming rule." Liability is imposed upon the employer if the employee is rendering a service, either express or implied, to the employer with his/her consent.[8] An exception also exists if the trip involves an incidental benefit to the employer not common to ordinary commuting trips of the work force.[9]

claims and the rights and liabilities of all the parties is filed with the court clerk...."

6. *Anderson v. Falcon Drilling Co.*, 695 P.2d 521, 524 (Okla.1985); *Haco Drilling Co. v. Burchette*, 364 P.2d 674, 677 (Okla.1961); *Wilson & Co. v. Shaw*, 157 Okla. 34, 10 P.2d 448, 450 (1932); *Oklahoma Natural Gas Corp. v. Union Bank & Trust Co.*, 149 Okla. 12, 299 P. 159, 162 (1931); *Mead Brothers, Inc. v. State Indus. Comm'n*, 144 Okla. 279, 291 P. 571–72 (1930); Annot., "Employer's Liability for Negligence of Employee in Driving His Own Car," 52 A.L.R.2d 287, 303, 311 (1957).

7. Under the "going and coming" rule, an employee going to and from work is ordinarily considered outside the scope of employment and the employer is not liable for his/her torts. The rule is ascribed to the theory that the employment relationship is suspended from the time the employee leaves until he/she returns. During the commute, it is assumed that the employee does not render a service to the employer. *Anderson v. Falcon Drilling Co.*, see note 6, supra.

8. *Haco Drilling Co. v. Burchette*, see note 6, supra; *Roring v. Hoggard*, 326 P.2d 812, 814–14 (Okla.1958).

9. *Anderson v. Falcon Drilling Co.*, see note 6, supra.

 

Because the facts in *Haco Drilling Co. v. Burchette,* 364 P.2d 674, 677 (Okla.1961) are similar to those presented here, it is instructive. In *Haco,* it was the practice for members of a drilling crew to car pool. The person responsible for driving was also to provide water and ice at the drilling site. Early one morning, the employee-driver in *Haco* picked up two co-workers, obtained ice and water, and was on the way to work when an accident occurred. The car being driven was a private one; the wreck happened before the work shift began; and the employee was not being paid at the time of the accident.

We recognized the general rule that the employment relationship does not exist during a commute to and from work in *Haco.* Nevertheless, we held that the driver was acting within the scope of his employment when the accident occurred. The water and ice were necessary to the workforce of the drilling rig. The driver's pick up and delivery of the water was incidental to the business operation.

█ Braums attempts to distinguish *Haco* on the premise that because the supplies were not delivered, the employee did not confer a benefit on the employer. The distinction is unpersuasive where, as here, Razavizadeh alleges that she was under the express direction of her supervisor to drive to the Rockwell store to obtain and transport supplies to the North Western location. She would not have been in the location of the accident without instructions of her employer. Presumably, the supplies were to be used for the employer's benefit once they were delivered. They were incidental to the operations of Braums' North Western store, and Razavizadeh would have delivered the supplies if she had not been involved in the accident. Therefore, we find that an employee, instructed to complete a task by an employer while traveling to work, may be within the scope of employment during the commute.

## CONCLUSION

█ Summary judgment is proper only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.[10] We have determined that an employee, instructed to complete a task by an employer while traveling to work, may be within the scope of employment during the commute. However, the material fact in question is whether Razavizadeh was given instructions to obtain supplies on her way to work.[11] We express no opinion on this issue.

**REVERSED AND REMANDED.**

All Justices concur.

---

**10.** *Buckner v. General Motors Corp.,* 760 P.2d 803, 812 (Okla.1988).

**11.** See, deposition testimony, notes 1 & 3, supra.