OSCN Found Document:IN RE AMENDMENT OF OKLAHOMA SUPREME COURT RULE 1.200

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 IN RE AMENDMENT OF OKLAHOMA SUPREME COURT RULE 1.200
2024 OK 8
Decided: 02/26/2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2024 OK 8, __ P.3d __

 

¶1 The Court hereby amends Oklahoma Supreme Court Rule 1.200, 12 O.S., ch. 15, app. 1, as shown on the attached Exhibits A and B, effective immediately.

¶2 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 26th DAY OF FEBRUARY, 2024.

/S/CHIEF JUSTICE

Kane, C.J., Rowe, V.C.J., Winchester, Edmondson, Gurich and Kuehn, JJ., concur.

Kauger, Combs and Darby, JJ., dissent.

 

 

 

 

Exhibit A

Oklahoma Supreme Court Rule 1.200

Opinions of the Supreme Court and Court of Civil Appeals

(a) Official Version of Published Decisions

(1) Effective January 1, 2014 the Oklahoma Supreme Court will become the official publisher of decisions of the Oklahoma Supreme Court and the Oklahoma Court of Civil Appeals. The Oklahoma State Courts Network at www.oscn.net shall be the repository of official versions of the published decisions of the Oklahoma Supreme Court and the Oklahoma Court of Civil Appeals. Such decisions will become official upon the placement of the respective court's official seal at the beginning of the published decision.

(2) The Oklahoma Bar Journal, West Publishing Company, and other publishers will continue to be unofficial publishers of decisions of the Oklahoma Supreme Court and the Oklahoma Court of Civil Appeals.

(b) Memorandum Opinions.

An opinion shall be prepared in memorandum form unless it:

(1) Establishes a new rule of law or alters or modifies an existing rule;

(2) Involves a legal issue of continuing public interest;

(3) Criticizes or explains existing law;

(4) Applies an established rule of law to a factual situation significantly different from that in published opinions of the courts of this state;

(5) Resolves an apparent conflict of authority; or

(6) Constitutes a significant and non-duplicative contribution to legal literature:

(a) by an historical review of law; or

(b) by describing legislative history.

(c) Publication of Memorandum Opinions and Unpublished Opinions.

(1) Opinions shall be published on the Oklahoma State Courts Network only when they satisfy the standards set out in this rule. Disposition by memorandum, without a formal published opinion, does not mean that the case is considered unimportant. It does mean that no new points of law making the decision of value as precedent are believed to be involved. A memorandum opinion shall not be published unless it is ordered to be published by the Supreme Court.

(2) A party or other interested person who believes that an opinion of either the Supreme Court or Court of Civil Appeals which has not been designated by the Court for publication has substantial precedential value may file a motion in the Supreme Court. The motion asking that it be published shall be filed not later than 20 days after the issuance of the mandate in that case. The filing of the motion shall not affect the issuance of the mandate. The motion shall state the grounds for such belief, shall be accompanied by a copy of the opinion, and shall comply with Rule 1.6.

(3) No party or other interested person may request the publication of any Court of Civil Appeals opinion unless certiorari review was first timely sought by a party, pursuant to Rule 1.179, prior to the request for publication. Motions to withdraw an opinion from publication are subject to the same limitations set forth in (c) (2) & (3).

[The remaining paragraphs are re-numbered.]

(4) Regardless of the foregoing, no opinion superseded by an opinion on rehearing shall be published. An opinion that is modified on rehearing shall be published as modified if it otherwise meets the standards of this rule.

(5) An opinion shall be published only if the majority of the justices or judges participating in the decision find that one of the standards set out in this rule is satisfied. Concurring and dissenting opinions shall be published only if the majority opinion is published.

(6) All memorandum opinions, unless otherwise required to be published, shall be marked: "Not for Official Publication. See Okla.Sup.Ct.R. 1.200 before citing." Because unpublished opinions are deemed to be without precedential value as precedent and are not uniformly available to all parties, opinions so marked "Not for Official Publication" shall not be considered as precedent by any court. Opinions marked "Not for Official Publication" by the Court of Civil Appeals may only be cited (1) in trial court proceedings, if no published opinion of the Supreme Court or Court of Civil Appeals would serve as well and (2) in the Supreme Court, as grounds for certiorari due to inconsistent opinions from the Court of Civil Appeals. No unpublished opinion by the Court of Civil Appeals should ever be cited in appellate briefs or cases unless it is part of the trial court record or it is cited as grounds for certiorari due to inconsistent opinions of the Court of Civil Appeals. Such unpublished opinions may not be cited until mandate has issued. Any brief or other material presented to any court which includes a reference or citation to an unpublished opinion, shall indicate in a parenthetical that the disposition is unpublished and shall also include a copy of or hyper-link to the unpublished opinion. See Okla. Sup. Ct. R. 1.11(l). Opinions marked Not For Official Publication shall not be published on the Oklahoma State Courts Network, nor in the Oklahoma Bar Journal.

(7) An opinion designated For Publication in O.B.J. Only shall be published on the Oklahoma State Courts Network . Such an opinion shall not be released for publication in any unofficial reporter other than the Oklahoma Bar Journal. An opinion designated For Publication in O.B.J. Only shall not be considered as precedent.

(8) Disposition of cases by the Oklahoma Supreme Court in which there is no published opinion will be reported in the Oklahoma Bar Journal by brief reference to the case and the decision reached therein on appeal. The opinion in the matter shall not be published in the Oklahoma Bar Journal, or on the Oklahoma State Courts Network or any other unofficial reporter. The decision and reference may be publishedreported on the Oklahoma State Courts Network as a Disposition of Cases Other Than by Published Opinion. The decision and reference shall not be in paragraph citation form and shall not be considered as precedential.

(9) Disposition of cases by the Oklahoma Court of Civil Appeals in which there is no published opinion will be reported in the Oklahoma Bar Journal by brief reference to the case and the decision reached therein on appeal. The decision and reference shall not be in paragraph citation form and shall not be considered as precedential. The Chief Justice of the Oklahoma Supreme Court may designate a procedure for publishingreporting such dispositions on the Oklahoma State Courts Network.

(d) Effect of Publication of Formal Opinion.

(1) Opinions of the Supreme Court designated For Official Publication when adopted will be published in the Oklahoma Bar Journal, and on the Oklahoma State Courts Network. Such opinions may not be cited as authority in a subsequent appellate opinion nor may they be used as authority by a trial court until the mandate in the matter has been issued and/or the court's official seal has been placed at the beginning of the published decision.

(2) Opinions of the Court of Civil Appeals which resolve novel or unusual issues may be designated for publication, at the time the opinion is adopted, by affirmative vote of at least two members of the division responsible for the opinion. Such opinions shall remain unpublished until after mandate issues, after which time they shall be published in the Oklahoma Bar Journal, the Oklahoma State Courts Network , and in any unofficial reporter. Such opinions shall bear the notation "Released for publication by order of the Court of Civil Appeals ", and shall be considered to have persuasive effect. Any such opinion, however, bearing the notation "Approved for publication by the Supreme Court" has been so designated by the Supreme Court pursuant to 20 O.S. § 30.5, and shall be accorded precedential value. If approved for publication by the Supreme Court, the citation should note such in a parenthetical, e.g., Lawson v. Citizen Energy II, LLC, 2021 OK CIV APP 1, 481 P.3d 287 (approved for publ'n by Okla. Sup. Ct.). The Supreme Court retains the power to order opinions of the Court of Civil Appeals withdrawn from publication.

(e) Oklahoma State Courts Network.

Opinions of the Supreme Court designated for official publication shall be published on the Oklahoma State Courts Network. They shall be published on the web site when filed with the Clerk of the Supreme Court.

Supreme Court opinions shall contain the following notice: "NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL." Such opinions may not be cited as authority in a subsequent appellate opinion nor may they be used as authority by a trial court until the mandate in the matter has been issued. The date of the effectiveness of opinions in original proceedings is governed by Okla.Sup.Ct.R. 1.193. When opinions published on the web site are modified or withdrawn the text of the opinion shall be deleted and any subsequent opinion in the matter shall be published on the web site if it meets the requirements of Rule 1.200.

Opinions of the Oklahoma Court of Civil Appeals designated for official publication by either the Supreme Court or the Court of Civil Appeals shall be published on the Oklahoma State Courts Network. An opinion of the Court of Civil Appeals shall not be published on the web site until mandate has issued in the matter. An opinion of the Court of Civil Appeals published on the web site is governed by Rule 1.200(cd)(2) and is accorded precedential value only if it bears the notation "Approved for Publication by the Supreme Court".

Opinions of the Oklahoma Court of Civil Appeals not designated for official publication may be viewable on the Oklahoma State Courts Network. An unpublished opinion of the Court of Civil Appeals shall not be viewable on the web site until mandate has issued in the matter. An unpublished opinion of the Court of Civil Appeals viewable on the web site is governed by Rule 1.200(c) and is accorded no precedential value.

The Oklahoma Supreme Court may publishreport on the web site Dispositions by Supreme Court of Petitions for Certiorari. These dispositions shall not be for official publication, and they shall not have a paragraph citation form. A disposition of the Oklahoma Supreme Court that denies a petition for certiorari to the Oklahoma Court of Civil Appeals has no precedential effect. The Supreme Court may also publish lists of mandates issued and any other matter deemed appropriate by the Court.

(f) Citation to Designation by Supreme Court and Reporters.

Published opinions of the Oklahoma Supreme Court and the Court of Civil Appeals shall bear as an official cite the Oklahoma Supreme Court's paragraph citation form in accordance with this Rule. Opinions of the Oklahoma Court of Civil Appeals that are published shall bear as an official citation form the Oklahoma Supreme Court's paragraph citation form in accordance with this Rule. The numbers of the paragraphs are assigned by the Court. The parallel cite to the Pacific reporter is also required.

The court designation for the Oklahoma Supreme Court is "OK". The Court designation for the Oklahoma Court of Civil Appeals is "OK CIV APP". The court designation for Court of Appeals of Indian Territory is "IT".

By way of example "Skinner v. Braum's Ice Cream Store, 1995 OK 11, ¶9, 890 P.2d 922" "1995" refers to the year the opinion was promulgated, "OK" is the court designation for the Oklahoma Supreme Court, "11" is the number of the opinion in 1995 assigned to that opinion by the Oklahoma Supreme Court, "¶9" is paragraph number 9 of the opinion as designated by the Supreme Court, and "890 P.2d 922" is the parallel citation to Pacific 2d Reporter.

1. Oklahoma Supreme Court Opinions

Opinions shall be cited by reference to the Supreme Court's official paragraph citation form. Parallel citation to Pacific Reporters is required. The parallel cite to Pacific Reporter may include a cite to the specific page of that Reporter if a specific paragraph is cited. When the Supreme Court paragraph citation form is used citation to a footnote need not include the paragraph number where the note occurs in the opinion.

Examples of citation form:

Skinner v. Braum's Ice Cream Store, 1995 OK 11, 890 P.2d 922.
Skinner v. Braum's Ice Cream Store, 1995 OK 11, ¶9, 890 P.2d 922.
Skinner v. Braum's Ice Cream Store, 1995 OK 11, ¶9, 890 P.2d 922, 925.
Skinner v. Braum's Ice Cream Store, 1995 OK 11, n. 10, 890 P.2d 922.

An opinion cited subsequent to issuance of the mandate therein but prior to official publication shall be cited using the following as an example: Wilkinson v. Dean Witter Reynolds, Inc., 1997 OK 20, ____P.2d____, (mandate issued April 3, 1997).

In a matter where no mandate issues an opinion may be cited prior to official publication when the time to file a petition for rehearing has lapsed and no petition for rehearing was filed. The following is an example: Edwards v. Basel Pharmaceuticals, 1997 OK 22, ____P.2d____, (petition for rehearing not filed).

2. Opinions of the Oklahoma Court of Civil Appeals.

Parties and courts should always cite to and rely on precedential opinions when they exist, rather than relying on persuasive opinions or opinions with no precedential effect. If a published precedential opinion that addresses the relevant point does not exist, parties and courts should cite to or rely on published opinions over unpublished opinions. See Okla. Sup. Ct. R. 1.200(bc).

Published opinions of the Oklahoma Court of Civil Appeals shall be cited by reference to the Supreme Court's official paragraph citation form. Parallel citation to Pacific Reporters is required. Opinions of the Court of Civil Appeals are subject to the other provisions of Rule 1.200.

Examples of citation form:

Stewart v. Gonzalez, 2020 OK CIV APP 67, ¶ 2, 481 P.3d 285, 286.

Stewart v. Gonzalez, 2020 OK CIV APP 67, ¶ 2 n.1, 481 P.3d 285, 286 n.1.

If approved for publication by the Supreme Court, the citation should note such in a parenthetical, e.g., Lawson v. Citizen Energy II, LLC, 2021 OK CIV APP 1, 481 P.3d 287 (approved for publ'n by Okla. Sup. Ct.).

Citation to an unpublished opinion, pursuant to Okla. Sup. Ct. R. 1.200(c)(56), should note such in a parenthetical, e.g., Hughes v. Kilkenny Arms Inc., No. 120,269, slip op. at 3 (COCA Div. I Jul. 22, 2022) (unpublished). If a petition for certiorari was denied on an unpublished opinion, that should also be noted in the citation, e.g., Bartlett v. Hendricks, No. 118,206, slip op. at 3 (COCA Div. III May 21, 2021) (unpublished), cert. denied (Okla. Sup. Ct. Jan. 18, 2022).

3. Citation to Opinions Supported by Less Than a Majority.

The paragraph citation form is also used to designate material in a published opinion where that opinion is supported by less than a majority of the members of the Supreme Court. When material from such an opinion is cited the name of the author, names of any Justices joining the opinion, and the type of opinion must be designated in the cite. For example, to cite paragraph number nine of the dissenting opinion in Edwards v. Basel Pharmaceuticals, 1997 OK 22, ___P.2d___. The correct citation form is: Edwards v. Basel Pharmaceuticals, 1997 OK 22, ¶9, ___P.2d___, (Opala, J., dissenting in part). A footnote of this dissenting opinion is cited thus: Edwards v. Basel Pharmaceuticals, 1997 OK 22, n.12, ___P.2d___, (Opala, J., dissenting in part). A published opinion, or part thereof, of the Supreme Court has no precedential effect unless a majority of the Court have joined therein.

 

 

Exhibit B

Oklahoma Supreme Court Rule 1.200

Opinions of the Supreme Court and Court of Civil Appeals

(a) Official Version of Published Decisions

(1) Effective January 1, 2014 the Oklahoma Supreme Court will become the official publisher of decisions of the Oklahoma Supreme Court and the Oklahoma Court of Civil Appeals. The Oklahoma State Courts Network at www.oscn.net shall be the repository of official versions of the published decisions of the Oklahoma Supreme Court and the Oklahoma Court of Civil Appeals. Such decisions will become official upon the placement of the respective court's official seal at the beginning of the published decision.

(2) The Oklahoma Bar Journal, West Publishing Company, and other publishers will continue to be unofficial publishers of decisions of the Oklahoma Supreme Court and the Oklahoma Court of Civil Appeals.

(b) Memorandum Opinions.

An opinion shall be prepared in memorandum form unless it:

(1) Establishes a new rule of law or alters or modifies an existing rule;

(2) Involves a legal issue of continuing public interest;

(3) Criticizes or explains existing law;

(4) Applies an established rule of law to a factual situation significantly different from that in published opinions of the courts of this state;

(5) Resolves an apparent conflict of authority; or

(6) Constitutes a significant and non-duplicative contribution to legal literature:

(a) by an historical review of law; or

(b) by describing legislative history.

(c) Publication of Memorandum Opinions and Unpublished Opinions.

(1) Opinions shall be published on the Oklahoma State Courts Network only when they satisfy the standards set out in this rule. Disposition by memorandum, without a formal published opinion, does not mean that the case is considered unimportant. It does mean that no new points of law making the decision of value as precedent are believed to be involved. A memorandum opinion shall not be published unless it is ordered to be published by the Supreme Court.

(2) A party or other interested person who believes that an opinion of either the Supreme Court or Court of Civil Appeals which has not been designated by the Court for publication has substantial precedential value may file a motion in the Supreme Court. The motion asking that it be published shall be filed not later than 20 days after the issuance of the mandate in that case. The filing of the motion shall not affect the issuance of the mandate. The motion shall state the grounds for such belief, shall be accompanied by a copy of the opinion, and shall comply with Rule 1.6.

(3) No party or other interested person may request the publication of any Court of Civil Appeals opinion unless certiorari review was first timely sought by a party, pursuant to Rule 1.179, prior to the request for publication. Motions to withdraw an opinion from publication are subject to the same limitations set forth in (c) (2) & (3).

(4) Regardless of the foregoing, no opinion superseded by an opinion on rehearing shall be published. An opinion that is modified on rehearing shall be published as modified if it otherwise meets the standards of this rule.

(5) An opinion shall be published only if the majority of the justices or judges participating in the decision find that one of the standards set out in this rule is satisfied. Concurring and dissenting opinions shall be published only if the majority opinion is published.

(6) All memorandum opinions, unless otherwise required to be published, shall be marked: "Not for Official Publication. See Okla.Sup.Ct.R. 1.200 before citing." Because unpublished opinions are deemed to be without precedential value, opinions marked "Not for Official Publication" shall not be considered as precedent by any court. Opinions marked "Not for Official Publication" by the Court of Civil Appeals may only be cited (1) in trial court proceedings, if no published opinion of the Supreme Court or Court of Civil Appeals would serve as well and (2) in the Supreme Court, as grounds for certiorari due to inconsistent opinions from the Court of Civil Appeals. No unpublished opinion by the Court of Civil Appeals should ever be cited in appellate briefs or cases unless it is part of the trial court record or it is cited as grounds for certiorari due to inconsistent opinions of the Court of Civil Appeals. Such unpublished opinions may not be cited until mandate has issued. Any brief or other material presented to any court which includes a reference or citation to an unpublished opinion, shall indicate in a parenthetical that the disposition is unpublished and shall also include a copy of or hyper-link to the unpublished opinion. See Okla. Sup. Ct. R. 1.11(l).

(7) An opinion designated For Publication in O.B.J. Only shall be published on the Oklahoma State Courts Network . Such an opinion shall not be released for publication in any unofficial reporter other than the Oklahoma Bar Journal. An opinion designated For Publication in O.B.J. Only shall not be considered as precedent.

(8) Disposition of cases by the Oklahoma Supreme Court in which there is no published opinion will be reported in the Oklahoma Bar Journal by brief reference to the case and the decision reached therein on appeal. The opinion in the matter shall not be published in the Oklahoma Bar Journal, or on the Oklahoma State Courts Network or any other unofficial reporter. The decision and reference may be reported on the Oklahoma State Courts Network as a Disposition of Cases Other Than by Published Opinion. The decision and reference shall not be in paragraph citation form and shall not be considered as precedential.

(9) Disposition of cases by the Oklahoma Court of Civil Appeals in which there is no published opinion will be reported in the Oklahoma Bar Journal by brief reference to the case and the decision reached therein on appeal. The decision and reference shall not be in paragraph citation form and shall not be considered as precedential. The Chief Justice of the Oklahoma Supreme Court may designate a procedure for reporting such dispositions on the Oklahoma State Courts Network.

(d) Effect of Publication of Formal Opinion.

(1) Opinions of the Supreme Court designated For Official Publication when adopted will be published in the Oklahoma Bar Journal, and on the Oklahoma State Courts Network. Such opinions may not be cited as authority in a subsequent appellate opinion nor may they be used as authority by a trial court until the mandate in the matter has been issued and/or the court's official seal has been placed at the beginning of the published decision.

(2) Opinions of the Court of Civil Appeals which resolve novel or unusual issues may be designated for publication, at the time the opinion is adopted, by affirmative vote of at least two members of the division responsible for the opinion. Such opinions shall remain unpublished until after mandate issues, after which time they shall be published in the Oklahoma Bar Journal, the Oklahoma State Courts Network, and in any unofficial reporter. Such opinions shall bear the notation "Released for publication by order of the Court of Civil Appeals", and shall be considered to have persuasive effect. Any such opinion, however, bearing the notation "Approved for publication by the Supreme Court" has been so designated by the Supreme Court pursuant to 20 O.S. § 30.5, and shall be accorded precedential value. If approved for publication by the Supreme Court, the citation should note such in a parenthetical, e.g., Lawson v. Citizen Energy II, LLC, 2021 OK CIV APP 1, 481 P.3d 287 (approved for publ'n by Okla. Sup. Ct.). The Supreme Court retains the power to order opinions of the Court of Civil Appeals withdrawn from publication.

(e) Oklahoma State Courts Network.

Opinions of the Supreme Court designated for official publication shall be published on the Oklahoma State Courts Network. They shall be published on the web site when filed with the Clerk of the Supreme Court.

Supreme Court opinions shall contain the following notice: "NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL." Such opinions may not be cited as authority in a subsequent appellate opinion nor may they be used as authority by a trial court until the mandate in the matter has been issued. The date of the effectiveness of opinions in original proceedings is governed by Okla.Sup.Ct.R. 1.193. When opinions published on the web site are modified or withdrawn the text of the opinion shall be deleted and any subsequent opinion in the matter shall be published on the web site if it meets the requirements of Rule 1.200.

Opinions of the Oklahoma Court of Civil Appeals designated for official publication by either the Supreme Court or the Court of Civil Appeals shall be published on the Oklahoma State Courts Network. An opinion of the Court of Civil Appeals shall not be published on the web site until mandate has issued in the matter. An opinion of the Court of Civil Appeals published on the web site is governed by Rule 1.200(d)(2) and is accorded precedential value only if it bears the notation "Approved for Publication by the Supreme Court".

Opinions of the Oklahoma Court of Civil Appeals not designated for official publication may be viewable on the Oklahoma State Courts Network. An unpublished opinion of the Court of Civil Appeals shall not be viewable on the web site until mandate has issued in the matter. An unpublished opinion of the Court of Civil Appeals viewable on the web site is governed by Rule 1.200(c) and is accorded no precedential value.

The Oklahoma Supreme Court may report on the web site Dispositions by Supreme Court of Petitions for Certiorari. These dispositions shall not be for official publication, and they shall not have a paragraph citation form. A disposition of the Oklahoma Supreme Court that denies a petition for certiorari to the Oklahoma Court of Civil Appeals has no precedential effect. The Supreme Court may also publish lists of mandates issued and any other matter deemed appropriate by the Court.

(f) Citation to Designation by Supreme Court and Reporters.

Published opinions of the Oklahoma Supreme Court and the Court of Civil Appeals shall bear as an official cite the Oklahoma Supreme Court's paragraph citation form in accordance with this Rule. Opinions of the Oklahoma Court of Civil Appeals that are published shall bear as an official citation form the Oklahoma Supreme Court's paragraph citation form in accordance with this Rule. The numbers of the paragraphs are assigned by the Court. The parallel cite to the Pacific reporter is also required.

The court designation for the Oklahoma Supreme Court is "OK". The Court designation for the Oklahoma Court of Civil Appeals is "OK CIV APP". The court designation for Court of Appeals of Indian Territory is "IT".

By way of example "Skinner v. Braum's Ice Cream Store, 1995 OK 11, ¶9, 890 P.2d 922" "1995" refers to the year the opinion was promulgated, "OK" is the court designation for the Oklahoma Supreme Court, "11" is the number of the opinion in 1995 assigned to that opinion by the Oklahoma Supreme Court, "¶9" is paragraph number 9 of the opinion as designated by the Supreme Court, and "890 P.2d 922" is the parallel citation to Pacific 2d Reporter.

1. Oklahoma Supreme Court Opinions

Opinions shall be cited by reference to the Supreme Court's official paragraph citation form. Parallel citation to Pacific Reporters is required. The parallel cite to Pacific Reporter may include a cite to the specific page of that Reporter if a specific paragraph is cited. When the Supreme Court paragraph citation form is used citation to a footnote need not include the paragraph number where the note occurs in the opinion.

Examples of citation form:

Skinner v. Braum's Ice Cream Store, 1995 OK 11, 890 P.2d 922.
Skinner v. Braum's Ice Cream Store, 1995 OK 11, ¶9, 890 P.2d 922.
Skinner v. Braum's Ice Cream Store, 1995 OK 11, ¶9, 890 P.2d 922, 925.
Skinner v. Braum's Ice Cream Store, 1995 OK 11, n. 10, 890 P.2d 922.

An opinion cited subsequent to issuance of the mandate therein but prior to official publication shall be cited using the following as an example: Wilkinson v. Dean Witter Reynolds, Inc., 1997 OK 20, ____P.2d____, (mandate issued April 3, 1997).

In a matter where no mandate issues an opinion may be cited prior to official publication when the time to file a petition for rehearing has lapsed and no petition for rehearing was filed. The following is an example: Edwards v. Basel Pharmaceuticals, 1997 OK 22, ____P.2d____, (petition for rehearing not filed).

2. Opinions of the Oklahoma Court of Civil Appeals.

Parties and courts should always cite to and rely on precedential opinions when they exist, rather than relying on persuasive opinions or opinions with no precedential effect. If a published precedential opinion that addresses the relevant point does not exist, parties and courts should cite to or rely on published opinions over unpublished opinions. See Okla. Sup. Ct. R. 1.200(c).

Published opinions of the Oklahoma Court of Civil Appeals shall be cited by reference to the Supreme Court's official paragraph citation form. Parallel citation to Pacific Reporters is required. Opinions of the Court of Civil Appeals are subject to the other provisions of Rule 1.200.

Examples of citation form:

Stewart v. Gonzalez, 2020 OK CIV APP 67, ¶ 2, 481 P.3d 285, 286.

Stewart v. Gonzalez, 2020 OK CIV APP 67, ¶ 2 n.1, 481 P.3d 285, 286 n.1.

If approved for publication by the Supreme Court, the citation should note such in a parenthetical, e.g., Lawson v. Citizen Energy II, LLC, 2021 OK CIV APP 1, 481 P.3d 287 (approved for publ'n by Okla. Sup. Ct.).

Citation to an unpublished opinion, pursuant to Okla. Sup. Ct. R. 1.200(c)(6), should note such in a parenthetical, e.g., Hughes v. Kilkenny Arms Inc., No. 120,269, slip op. at 3 (COCA Div. I Jul. 22, 2022) (unpublished). If a petition for certiorari was denied on an unpublished opinion, that should also be noted in the citation, e.g., Bartlett v. Hendricks, No. 118,206, slip op. at 3 (COCA Div. III May 21, 2021) (unpublished), cert. denied (Okla. Sup. Ct. Jan. 18, 2022).

3. Citation to Opinions Supported by Less Than a Majority.

The paragraph citation form is also used to designate material in a published opinion where that opinion is supported by less than a majority of the members of the Supreme Court. When material from such an opinion is cited the name of the author, names of any Justices joining the opinion, and the type of opinion must be designated in the cite. For example, to cite paragraph number nine of the dissenting opinion in Edwards v. Basel Pharmaceuticals, 1997 OK 22, ___P.2d___. The correct citation form is: Edwards v. Basel Pharmaceuticals, 1997 OK 22, ¶9, ___P.2d___, (Opala, J., dissenting in part). A footnote of this dissenting opinion is cited thus: Edwards v. Basel Pharmaceuticals, 1997 OK 22, n.12, ___P.2d___, (Opala, J., dissenting in part). A published opinion, or part thereof, of the Supreme Court has no precedential effect unless a majority of the Court have joined therein.

 

 

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. RULE 1.200, 
OPINIONS OF THE SUPREME COURT AND THE COURT OF CIVIL APPEALS
Cited

 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA